Ricketts *et al. v.* Spraker *et al.*

## No. 9314.

## RICKETTS ET AL. *v.* SPRAKER ET AL.

GRAVEL ROAD.—*Constitutional Law.*—*Act 1877.*—The act of March 3d, 1877, authorizing taxation in aid of the construction of gravel roads, is constitutional.

SAME.—*Statute Construed.*—*Notice.*—Under the provisions of such act, the notice provided for therein is such as to fully guard and protect the rights of all whose lands are liable to be assessed.

SAME.—*Petition.*—*Board of Commissioners.*—If there was any petition at all before the board of commissioners, asking for the issuing of bonds for the building of a gravel road, its sufficiency can not be questioned collaterally.

SAME.—*Jurisdiction.*—*Collateral Attack.*—Where an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its judgment thereon can not be collaterally attacked.

SAME.—*Sale of Bonds.*—*Injunction.*—The sale for less than par, of bonds issued under such act by the commissioners, is not sufficient to avoid the assessment of benefits to lands, or to authorize an injunction of the tax assessed.

SAME.—*Bonds.*—*Levy of Tax.*—*Discretion.*—*Statute Construed.*—Under sec. 7 of such act, the board of commissioners have a reasonable discretion to so arrange the time that the tax can, with reasonable certainty, be collected in time to discharge the bonds issued for the improvement. Where a discretion is conferred upon inferior tribunals, courts will not attempt to control its exercise, and will interfere only in case of its abuse.

SAME.—*Injunction.*—*Irregularities.*—An injunction will not be granted at the suit of a tax-payer, on account of irregularities in the proceedings of county officers, where there is authority to levy the tax.

SAME.—*Omissions in Assessment.*—*Statute Construed.*—Under sec. 5 of such act, ample authority is conferred upon the commissioners to make all needed corrections, and to supply all omissions in the assessments of land for the improvement; and it will be presumed, in the absence of anything to the contrary, that the commissioners placed all the lands upon the assessment list; but the failure to do so does not vitiate the entire assessment or authorize an injunction.

SAME.—*Assessment.*—*Discretion.*—Under such act, the power of assessing benefits and damages to land is delegated to the viewers and commissioners, and their decision thereon can not be controlled by injunction.

SAME.—*Addition of Per Centum to Assessment by Auditor.*—The fact, that the county auditor added twenty per centum to the assessment for the cost of constructing the road, will not authorize an injunction restraining the collection of the entire assessment. If the original assessment is valid, and the per centum added illegal, an action for an injunction

| | |
|---|---|
| 77 | 371 |
| 125 | 463 |
| 127 | 430 |
| 77 | 371 |
| 129 | 467 |
| 129 | 518 |
| 77 | 371 |
| 130 | 412 |
| 77 | 371 |
| 134 | 557 |
| 135 | 544 |
| 136 | 536 |
| 136 | 620 |
| 77 | 371 |
| 138 | 442 |
| 139 | 680 |
| 77 | 371 |
| 140 | 254 |
| 142 | 349 |
| 143 | 516 |
| 77 | 371 |
| 145 | 250 |
| 77 | 371 |
| 148 | 471 |
| 152 | 488 |
| 77 | 371 |
| 156 | 167 |

Ricketts *et al. v.* Spraker *et al.*

for that cause can not be maintained until the amount legally assessed is paid or tendered.

SAME.—*Estoppel.*—*Taxes.*—There may be an estoppel in cases of assessments for local purposes, as in cases of assessment of general taxes.

INJUNCTION.—Where there is an adequate legal remedy, an injunction can not be sustained.

SAME.—*Contract.*—As a rule, the question whether work has or has not been done according to contract can not be tried in actions for injunctions.

SAME.—*Tax.*—*Tender.*—One who seeks to enjoin the collection of a tax, where part is legal and part illegal, must tender payment of that part which is legally collectible.

SAME.—*Practice.*—Specifications of the grounds for injunction may be either demurred to or answered.

From the Howard Circuit Court.

*N. R. Lindsay, R. Vaile* and *J. F. Vaile*, for appellants. *J. O'Brien* and *C. N. Pollard*, for appellees.

ELLIOTT, C. J.—Howard county issued and sold bonds and applied the avails of such sale to the construction of a free gravel road. To provide for the payment of these bonds, a tax was assessed upon adjacent lands. The commissioners proceeded under the provisions of the act of March 3d, 1877. Appellants are the owners of lands upon which the tax was assessed, and brought this action to enjoin the county officers from collecting the taxes assessed by the board of commissioners. Judgment against the appellants upon demurrer.

It will economize time, and quite as well exhibit the legal questions, to state the parts of the pleadings applicable to them as they are discussed, without making an introductory synopsis of the voluminous complaint and answer.

The first question presented is this: Is the act of March 3d, 1877, constitutional? The question as to the power of the Legislature to enact laws providing for the assessment of taxes for the construction of gravel roads, is no longer an open one in this State. It was long since settled. The courts, the citizens and the legislators of the State have acquiesced in the rule laid down in the decisions of this court.

Ricketts *et al. v.* Spraker *et al.*

It would be an unwarrantable breach of the salutary rule, *stare decisis*, to overturn this firmly settled rule, even if we were doubtful of its soundness.    Notwithstanding the array of authority mustered by the counsel, we are firmly determined to adhere to the rule so often approved and enforced. Upon the general question of the constitutionality of laws authorizing taxation in aid of gravel roads, we pronounce fully and decidedly against the appellants.    Unless the act of 1877 is justly subject to some other objection than that stated, we shall uphold and enforce it.    Is it subject to any other objection?    Appellants affirm that it is unconstitutional because it does not provide for notice to those whose lands are assessed.    We are not required to decide whether a law, authorizing a local assessment, would be invalid if there was no provision for giving notice to the persons whose lands are subjected to taxation.    The act of 1877 does provide for notice.    Section 2 provides that, upon the filing of the proper petition, the board of commissioners shall appoint three disinterested freeholders as viewers, and a competent engineer, "and the county auditor shall notify said viewers and surveyor of the time and place of their meeting to make said view, and shall also give notice, by publication in a newspaper printed in said county for three consecutive weeks, next prior to said meeting, which said notice shall state the time and place of said meeting, the kind of improvement asked for, the place of beginning, intermediate points, (if any), and the place of termination."    Section 3 makes provision as to the assessment of damages, and section 4 makes provision for assessing benefits.    Section 6 provides, that, when the improvement is ordered, viewers shall be appointed, and that, upon the return of the report of these viewers, notice shall be published, stating the time when the report will be acted upon by the commissioners. Notice of the letting of the contract is also required by section 5.    Taking all the provisions of the act into consider-

ation, it is clear that ample provision is made for notice. Not only is notice provided for as stated, but, before the final order can be made, a majority of all whose lands are to be assessed must sign the petition. In our judgment, the notice provided for is such as to fully guard and protect the rights of all whose lands are liable to be taxed. The appellants were fully apprised of the proceedings, and abundant opportunity afforded them to contest the question as to benefits assessed upon their lands.

The complaint of the appellants avers that "No petition was ever filed before the said board of commissioners asking for said improvement, which at the time of filing was signed by a majority of the resident land-owners, or owners of a majority of all the lands reported as benefited and liable to assessment." This averment must be construed as meaning that, when filed, the petition did not have the requisite number of petitioners, although it did afterwards, and before the final order, have the proper number of signers. If the averment were unanswered, and were considered without reference to a familiar rule to be presently stated, it would be bad. If there was any petition at all, invoking the action of the commissioners, its sufficiency can not be collaterally questioned. *Muncey* v. *Joest*, 74 Ind. 409; *Stoddard* v. *Johnson*, 75 Ind. 20. The appellees answered this allegation, which was stated as an independent ground for injunction, by averring that there was a petition purporting to be signed by the requisite number of land-owners, and that the commissioners adjudged that it was so signed. This brought the case fully within the rule, that, where an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its judgment thereon can not be collaterally attacked. Of the many cases in which this rule is declared and enforced, we cite *The Board, etc.,* v. *Hall,* 70 Ind. 469; *Brocaw* v. *The Board, etc.,* 73 Ind. 543; *Stoddard* v. *Johnson,* 75 Ind. 20. Many, if not all, of the cases cited

Ricketts *et al.* *v.* Spraker *et al.*

by the appellants were direct attacks upon the validity of the proceedings, and in such cases the rule is very different from that which obtains where the attack is a collateral one.

The complaint avers that the bonds issued by the commissioners were sold at less than par. The answer to this ground for relief is substantially as follows : That there was received ⁻from the sale of the bonds the sum of $750 less than their face ; that said sum was intended, and was understood, to be a commission on the sale of said bonds ; that, to make good to all parties interested in said bonds the full amount thereof, the commissioners refunded to each of the gravel roads, and to the funds set apart for their construction, a sum in excess of that named as having been allowed by way of commission.

The contention of the appellants is, that, as the statute imperatively requires that the bonds shall not be sold at less than par, the disobedience of the statute by the commissioners vitiated the entire assessment. We do not feel called upon to decide whether the statute is directory or mandatory, or whether or not commission may be paid for selling bonds, for we think it plain that the malfeasance of the commissioners, if any there was, did not destroy the assessment. The tax was not illegal. The purpose for which it was assessed was a lawful one. The utmost that can be claimed is, that the commissioners made an unauthorized use of county funds. This might, in the proper case, be ground for complaint against the commissioners individually ; but, however this may be, it certainly is not ground for relieving tax-payers, who get the benefit of the road, from the taxes assessed for its construction. If this were not so, there is still another reason why the ground stated will not warrant an injunction. The appellants have sustained no injury. Nothing was taken from the funds created for the construction of the road. The money received from the bonds, reckoned at their par value, went into the proper fund. That

fund was not diminished. The appellants are not here guarding the general treasury of the country; on the contrary, they are seeking to cast upon the whole body of the taxpayers the burden of paying for a road which has been adjudged of special and local benefit to them. They are not seeking to save the county from injury; they are seeking to injure it more deeply.

One of the grounds for injunctive relief is thus stated in the complaint: "The said board of commissioners caused the said bonds all to mature eight years after date of July 15th, 1878, with option of redemption after five years from date; but the said board has caused the said assessments to be divided into four equal parts, payable respectively in the years 1880, 1881, 1882 and 1883."

Appellants argue that the action of the commissioners in providing for the collection of the tax before the bonds mature is in violation of the statute, and therefore avoids the assessment. The argument is built upon the following provision of the statute: "Said assessment shall be divided in such manner as to meet the payment of principal and interest of said bonds, and so be placed upon the duplicate for taxation against the lands assessed." Acts 1877, p. 86, sec. 7.

Authorities are cited, to the effect that "any act or omission, however slight, which can by any possibility work advantage or injury to any one affected by it, will vitiate the entire proceeding." This undoubtedly is the law where title is sought to be acquired by virtue of a tax sale. Where the property of the citizen is claimed under a sale for taxes, then the rule is indeed very strict and rigid. But this is not such a case. Here the attempt is to avoid payment of the tax. In such cases the rule is, that an injunction will not be granted at the suit of the tax-payer, because of irregularities in the proceedings of the county officers in cases where there is authority to levy the tax. *Jones* v. *Summer*, 27 Ind. 510; *Musselman* v. *The City of Logansport*, 29 Ind. 533.

Ricketts *et al. v.* Spraker *et al.*

If it be conceded that the commissioners erred in providing for the collection of the taxes in advance of the maturity of the bonds, it can not, under the circumstances of this case, be deemed anything more than a mere irregularity. The statute does not mean that the tax must be so assessed as that it shall be collected on the very day the bonds mature. On the contrary, it confides to the commissioners a reasonable discretion, and authorizes them to so arrange the time as that the tax can, with reasonable certainty, be collected in season to discharge the bonds of the county. Any other construction would defeat the purpose of the statute. Provident men arrange for the collection of debts owing them a reasonable time before demands due their creditors mature. The commissioners must be allowed some degree of discretion in the matter of preparing for the payment of the county bonds. It is but just that they should provide against such contingencies as may arise from obstacles interposed to the collection of the taxes, as well as from the delays incident to the collection of a large assessment. It is their duty to prevent the dishonor of the county's credit, and they must be granted some discretion as to the means necessary to provide against the failure of the officers to collect the tax. It is very clear to our minds that the statute commits to the just and reasonable discretion of the board of commissioners the question as to what is a provident provision for securing the prompt payment of the obligations of the county at maturity. There is no principle of law more firmly settled than that contained in the rule, that, where a discretion is conferred upon inferior tribunals, courts will not attempt to control its exercise. This doctrine is at least as old as the case of *Rex* v. *Young*, 1 Burr. 556. Courts will interfere to prevent the abuse of discretionary powers, but not to restrain their reasonable exercise. There was no abuse of discretion by the commissioners of Howard county in this instance.

The fifth specification of the complaint reads as follows: "That the committee, appointed to apportion the estimated cost of said road among the lands reported as benefited and liable to assessment, omitted from said apportionment five thousand (5,000) acres of lands which had been so reported as benefited and liable to assessment."

The statute confers ample authority upon the commissioners to make all needed corrections and to supply all omissions. The provision upon this subject is as follows: "If at any time after making such final order the commissioners shall find that there has been an omission of lots or lands within the territory sought to be assessed, or that there has been manifest injustice in the apportionment of taxes, or that public necessity requires any alteration in the manner of the improvement as ordered, they are authorized to make such addition and re-apportionment as they may deem just and proper, and such change in the improvement as will conform the same to the public requirement." For anything that appears, the commissioners may have added to the assessment roll the lands alleged to have been omitted. The presumption is that they did their duty and placed all the lands upon the list. It was at least incumbent upon the appellants to show, not only that the committee omitted lands, but that other public officers did not supply the omission. The case of *Stoddard* v. *Johnson*, 75 Ind. 20, decides that the failure of the committee to place lands upon the assessment roll does not vitiate the entire assessment. Of the objection that lands were omitted, and some others of a similar nature, WOODS, J., delivering the opinion of the court, said: "It is evident, however, that these and the like objections do not affect the jurisdiction, and, if true, constitute errors and irregularities which the law expressly authorizes the board to correct at any time."

Another of the grounds for injunction is stated in these words: "That the assessments for the construction of said

road were not uniformly and equally apportioned in accordance with benefits, upon all the lands ordered by said board of commissioners to be assessed for such improvement.''

There are at least two plain reasons why this is no ground for relief by injunction : First. The Legislature has expressly delegated the power of assessing benefits and damages to the committee or viewers and the commissioners, and where the Legislature commits the authority to an inferior tribunal to decide such questions, its decisions can not be controlled by injunction. *The City of Fort Wayne* v. *Cody*, 43 Ind. 197 ; *The Commonwealth* v. *Woods*, 44 Pa. St. 113 ; *Motz* v. *The City of Detroit*, 18 Mich. 495. Second. There is an adequate legal remedy by appeal, and where there is such a remedy, injunction will not lie. *Hume* v. *The Little Flat Rock Draining Association*, 72 Ind. 499 ; *Houk* v. *Barthold*, 73 Ind. 21 ; *Grusenmeyer* v. *The City of Logansport*, 76 Ind. 549.

The seventh specification of the complaint is as follows : ''That the board of commissioners, in ordering the construction of said Ricketts road, included in the route thereof one mile of a certain other road by them already ordered, known as the Albright road, which fact was then and there to said commissioners well known.'' The answer to this specification is, in substance, that there were two distinct petitions for the roads ; that both included in the route described one mile of the line nearest the city of Kokomo.; that the petitions were separately acted upon ; that the subscribers to the said petition were counted only for the roads therein respectively asked for ; that the board of commissioners did convene as a court for the purpose of hearing testimony ; that, after hearing evidence, the board did adjudge that the petition praying for the construction of the Ricketts road contained the requisite number of petitioners, and that proper steps were taken to ascertain the expense of constructing each of the roads ; that one-half of the expense of the mile

of road described in the complaint was taken from the cost of the Ricketts road.   We are of the opinion that the specification under immediate mention does not state any sufficient reasons for an injunction.   Such questions are not triable in actions for injunctions.   Conceding, however, that it does, the answer is sufficient, for it shows a judgment upon a question over which the court had jurisdiction, and the remedy was, therefore, by appeal.   In addition to this, it shows that the commissioners acted within the discretion conferred upon them in charging each of the two roads with one-half of the expense of constructing the mile nearest the county seat and market town.   It would have been unreasonable to have ordered the construction of two road-ways side by side, when one, from the point of junction to the city of Kokomo, would have afforded ample accommodation for travel.   There was a wise exercise of discretion, and one which lessened the burden of the appellants.

The fact, that the county auditor added twenty per centum to the cost of constructing the road, does not entitle the appellants to an injunction preventing the collection of the entire assessment.   If it were conceded that the addition was wrongfully made, the validity of the original assessment is not thereby impaired.   If the auditor had no authority to make the addition, his act was void and can not affect the principal assessment.   If he had authority to make it, his act was valid, and the appellants are liable to pay the original assessment, with the twenty per centum added by him. If the original assessment is valid, the appellants can not maintain an action for injunction upon the ground stated, without tendering the amount legally assessed, whatever may be true of the per centum added by the auditor.   One who seeks to enjoin the collection of a tax, where part is legal and a part illegal, must tender payment of that part which is legally collectible.

Ricketts *et al. v.* Spraker *et al.*

It is also alleged as a cause for injunction, "that said board of commissioners, having appointed a civil engineer to superintend the construction of said improvement, afterwards and before the completion of said work, removed said engineer, and said board of commissioners, both before and after the removal of said engineer, attempted themselves to perform his duties, they not being then and there competent engineers. In consequence of such action on the part of said commissioners, said work was not constructed in accordance with specifications, nor was it such a road as was in the petition prayed for. By reason of which action the plaintiffs are damaged to the extent of thirty per cent. of said assessment."

This is not sufficient to entitle the appellants to the relief sought. It is the general rule, that the question, whether work has or has not been done according to contract, can not be tried in actions for injunctions. The complaint claims injury only to the extent of thirty per centum, and if the appellants were entitled to litigate the question as to the manner in which the work was performed, they must tender the amount conceded to be owing. "He who asks equity must do equity."

There remains for consideration the tenth paragraph of the answer. This pleading is addressed to the entire complaint. The proceedings before the commissioners, the committees and the viewers, are set out in great detail. Petitions, notices, orders, and the like, are shown to have been made at the proper times, and in the proper manner. We shall not attempt to give a synopsis of its allegations. It may, as appellants assert, be intended as a plea of estoppel. Whether a plea of estoppel or not, it certainly states a full and complete defence. All the parts of the complaint, if it be conceded that there are any, which show a cause for injunction, are fully met and avoided. It is well settled, that there may be an estoppel in cases of assessments for

local purposes, as, indeed, in cases of assessments of general taxes. The rule is thus stated by Judge COOLEY: "Under some circumstances, a party who is illegally assessed may be held to have waived all right to a remedy by a course of conduct which renders it unjust and inequitable to others that he should be allowed to complain of the illegality. Such a case would exist if one should ask for. and encourage the levy of the tax of which he subsequently complains; and some of the cases referred to in the note go far in the direction of holding, that a mere failure to give notice of objections to one who, with the knowledge of the person taxed, as contractor or otherwise, is expending money in reliance upon the payment from the taxes, may have the same effect. But the duty to speak ought to be very imperative to make mere silence operate as an estoppel." Cooley Tax., p. 573. *Weber* v. *The City*, etc., 1 Cal. 455; *Kellogg* v. *Ely*, 15 Ohio St. 64; *Tash* v. *Adams*, 10 Cush. 252; *Motz* v. *The City of Detroit*, 18 Mich. 495; *City of Peoria* v. *Kidder*, 26 Ill. 351; *Sleeper* v. *Bullen*, 6 Kan. 300; *Pease* v. *Whitney*, 8 Mass. 93; *Ferguson* v. *Landram*, 5 Bush, 230; *Muncey* v. *Joest, supra;* *City of Lafayette* v. *Fowler*, 34 Ind. 140; *City of Evansville* v. *Pfisterer*, 34 Ind. 36; *Palmer* v. *Stumph*, 29 Ind. 329; *Hellenkamp* v. *City of Lafayette*, 30 Ind. 192.

So far as the answer counts upon the orders and the proceedings of the board of commissioners, it shows an estoppel by judgment. If the allegations of the complaint concerning petitions, apportionments of benefits, and like matters, were conceded to be good, the judgments and orders pleaded are a complete estoppel. The answer avers that no lands liable to taxation were omitted, and that none exempt from taxation were included, and thus presents a bar to that part of the complaint which avers that lands were omitted. The answer does more than this; it meets and overcomes all of the allegations of the complaint upon the subject of the premature order for the collection of taxes, of the addition

of twenty per centum by the auditor, and of the discharge of the engineer.

It was proper for the court to permit the appellees to file demurrers to the various specifications of the complaint. The specifications of the grounds for injunction may be either answered or demurred to. They may, for this purpose, be treated as separate paragraphs of a pleading are treated in ordinary actions. *Mustard* v. *Hoppess*, 69 Ind. 324.

There are no errors in the record which can avail appellants. Such errors as were committed, were in their favor and not against them.

Judgment affirmed.