Hobbs *et al. v.* The Board of Commissioners of Tipton County *et al.*

Judgment affirmed.

Filed Dec 22, 1888.

No. 13,992.

Hobbs et al. *v.* The Board of Commissioners of Tipton County et al.

Free Gravel Road.—*Proceeding to Establish.—Meeting of Viewers.—Time.—Presumption.—Injunction.*—Where the order of the board of commissioners, made in a proceeding to establish a free gravel road, required the viewers to meet on the 22d day of August, 1881, and the report of the viewers recites that in pursuance of the order they met "on the —— day of August, 1881," it will be presumed, in a suit to enjoin the collection of assessments, in the absence of proof to the contrary, that the viewers met on the day fixed.

Same.—*Petition.—Signing.—Collateral Attack.*—Where there is no affirmative showing that the petition for a free gravel road was not signed preliminarily by five interested land-owners, as required by section 5092, R. S. 1881, and where the record of the proceedings before the board of commissioners recites that the petition was signed by the additional number required by section 5095, the petition in these respects will be held sufficient when questioned in a suit to enjoin the collection of assessments.

Evidence.—*Objection to.—Estoppel.*—A party who himself first resorts to evidence of doubtful competency can not afterwards object to evidence of the same kind when introduced by his adversary.

From the Clinton Circuit Court.

*J. Jones* and *J. N. Sims,* for appellants.

*R. B. Beauchamp* and *S. O. Bayless,* for appellees.

ZOLLARS, J.—The board of commissioners established a free gravel road. Assessments, in the way of benefits, were made upon appellants' lands. They ask that the collection of those assessments shall be enjoined.

The action, being for an injunction, is a collateral assault upon the proceedings which resulted in a final order and judgment for the improvement, and the making and confirmation of the assessments.

A trial was had below, and resulted in a judgment for costs against appellants.

The proceeding for the establishment of the gravel road was instituted and carried to completion before the county board, under article 8 of chapter 70, R. S. 1881, section 5091, *et seq.*

Appellants assail the proceedings before the county board upon the ground, first, that the viewers and surveyor appointed by that board to view, locate, etc., the road, did not meet and take the proper oath on the 22d day of August, 1881, the day named in the notice to them, and fixed by the board. Their contention is, that because the viewers and surveyor did not thus meet and take the oath, and call to their assistance two chain-bearers, and one marker, and at once proceed in the discharge of their duties, the whole proceeding was, and is, without legal support, and void.

With the legal proposition involved in their contention, we need not stop here to deal. It is sufficient here, that appellants did not establish, by sufficient competent evidence, that the viewers and surveyor did not meet at the time and place fixed by the board. To sustain their averment that the viewers and surveyor did not thus meet, appellants introduced in evidence the record of the proceedings before the county board. A part of the record thus introduced was the report of the viewers. In that report, the viewers stated, amongst other things, the following: "In pursuance of a certified copy of said petition, and an order from the said board of commissioners appointing the undersigned as view-

ers and surveyor of the route and work of said improvement prayed for, said certified copy and said petition with said order being delivered to us by the auditor of said county, we, the said viewers and surveyor, did meet on the — day of August, 1881, at the auditor's office of said county at the court-house," etc.

In a collateral attack like this, the recitals in that report fall short of showing that the viewers and surveyor did not meet on the day and at the place fixed by the county board. Indeed, they sufficiently show the opposite. They amount to a statement that, in meeting as the viewers and surveyor did, they followed out the order of the county board; acted in conformity to it, not only as to place, but also as to the time of meeting. It could hardly.be said that they met in pursuance of the order of the board, if they met at a place, or at a time, different from the place and time named in the order. It is further stated, as will be observed, that they met in 1881, and in the month of August. The leaving of the day of the month blank does not overthrow the other statement that the meeting was in pursuance of—in conformity with—the order of the board. As above observed, appellants are attempting, by a collateral assault, to overthrow the proceedings before the county board. One of the weapons selected by them to accomplish that end is that portion of the report of the viewers above set out. It is insufficient. This court, in all cases, and especially in collateral assaults, must presume in favor of the regularity and validity of the proceedings of the courts of this State, including proceedings before county boards, until the contrary is satisfactorily shown by competent evidence, where evidence for such purpose is admissible. *Mathews* v. *Droud,* 114 Ind. 268 ; *White* v. *Fleming,* 114 Ind. 560 ; *Johns* v. *State,* 104 Ind. 552.

The above evidence adduced by appellants is not sufficient to break down the presumptions which support the proceed-

ings before the board, and, while those presumptions stand, the proceedings can not fall.

As a further means of showing that the viewers and surveyor did not meet on the day fixed by the board, appellants resorted to oral testimony. That was met by oral testimony adduced by appellees. Considering all of the testimony thus adduced, it tends more strongly to overthrow than to support appellants' contention.

We need not decide as to the competency of that testimony. Appellants first resorted to it, and are not in a position now to object to the evidence brought forward by themselves, nor to complain that appellees were allowed to meet them with a like kind of evidence. *Hinton* v. *Whittaker,* 101 Ind. 344; *Lyon* v. *Lenon,* 106 Ind. 567; *Lowe* v. *Ryan,* 94 Ind. 450; *Meranda* v. *Spurlin,* 100 Ind. 380; *Dinwiddie* v. *State,* 103 Ind. 101.

Section 5092, R. S. 1881, which provides for the appointment of viewers by the county board, also provides that upon such appointment being made, the county auditor shall notify them of the time and place of their meeting, etc., and shall also give notice, by publication in a newspaper printed in the county, for three consecutive weeks next prior to said meeting, which notice shall state the time and place of said meeting, the kind of improvement asked for, the place of beginning, intermediate points, if any, and the place of termination.

That section also provides that, in the first instance, the petition to the county board for a gravel road must be signed by five or more of the land-holders whose lands will be assessed for the cost of the improvement.

Section 5095 provides that after the return of the report of the viewers the county board may make an order for the making of the improvement; " but such order shall not be made until a majority of the resident land-holders of the county whose lands are reported as benefited and ought to be assessed, and also the owners of a majority of the whole

number of acres of all lands that are reported as benefited and ought to be assessed, shall have subscribed the petition mentioned in the second section of this act." Section 5092, *supra.*

It is not claimed by any one that the notice provided for in section 5092 was not given. That it was given in accordance with the requirements of that section is conceded. It is claimed, however, on the part of appellants, that, when the board made the order for the improvement, the petition had not been signed by the number of the land-owners required by section 5095, *supra.*

Both sides introduced the record of the proceedings before the county board. A copy of the petition for the improvement constitutes a part of that record. It shows that many signatures were attached to the original petition. And the record very clearly shows that the copy set out is a copy of the petition as it was presented to the county board in the first instance.

As we have stated, under section 5092, *supra,* the petition will be sufficient, in the first instance, if signed by five of the land-owners whose lands will be assessed for the cost of the improvement. The additional number is required by section 5095, after the return of the viewers.

In making up the record those additional signatures would not necessarily be shown by the petition itself, unless copied into the record a second time. We can not, therefore, by comparing the petition set out in the record with the report of the viewers, determine that the requisite number of land-owners did not sign the petition before the board made the order for the improvement. For aught that is shown they may have so signed it. In the absence of an affirmative and positive showing to the contrary, this court must presume that they did. The record, however, affirmatively shows that the petition was properly signed before the board made the order for the improvement.

In the record of the proceedings before the board is this:

" The board now further finds that a majority of the resident land-owners of the county, whose lands are reported as benefited and ought to be assessed, have subscribed the petition praying for said improvement, and, also, the owners of a majority of the number of acres of all lands that are reported as benefited and ought to be assessed have subscribed the petition. And in determining the majority, no lands belonging to minor heirs have been counted for or against said improvement, unless represented by their legal guardian." Following that entry is the order for the improvement.

The notice having been given as required by section 5092, *supra*, appellants can not, in this collateral proceeding, overthrow the order for the improvement, resting as it does upon the record before us, and above recited. In support of this conclusion a citation of some of our cases will be sufficient. *Black* v. *Thomson*, 107 Ind. 162; *Ely* v. *Board, etc.*, 112 Ind. 361; *Osborn* v. *Sutton*, 108 Ind. 443, and cases there cited; *Robinson* v. *Rippey*, 111 Ind. 112; *Strieb* v. *Cox*, 111 Ind. 299 (304); *McMullen* v. *State, etc.*, 105 Ind. 334; *Hollingsworth* v. *State*, 111 Ind. 289; *Young* v. *Sellers*, 106 Ind. 101; *Montgomery* v. *Wasem, ante*, p. 343.

After making the order for the improvement, the board appointed commissioners to apportion the estimated expenses, as provided by section 5096, R. S. 1881, and ordered that, after making such apportionment, the commissioners should file their report with the county auditor.

The board further ordered that, upon the filing of the report, the auditor should give notice of it, by publication in some newspaper published and of general circulation in the county, and should also give notice, for at least three consecutive weeks, of the time when the commissioners would meet at the county auditor's office to hear the same. That order was in accordance with, and in the language of, section 5096, *supra*, upon that subject.

About two months subsequent, the board was again in ses-

sion, and, as stated in the record, the session was a special one, called by the auditor. At that session, the report of the commissioners was submitted to the board, and in all things confirmed. The following portion of the record, showing the confirmation of the report, is as much as need be here set out, viz.: "The board of commissioners having seen and examined the above report on gravel road No. 5, of the viewers (commissioners), finds that said viewers were legally notified of their appointment to make the assessment and apportion the costs and expense; * * * and also finds that notice of the filing and pending of said report has been duly given of the time fixed for the board to meet and hear said report, by publication thereof for three weeks succes- sively, prior to the day named in said notice to hear and examine said report, in the Tipton Times, a public weekly newspaper of general circulation, printed and published in Tipton county, Indiana, proof of which is filed in words and figures following, to wit (here insert); and finds that said ap- portionment of the expense of building said road has been made by actual view of the premises mentioned and described in the order aforesaid, according to the benefits to be derived therefrom ; and this being the day fixed and named in said notice to hear and examine said report, and there being no exceptions filed with the board to said report by any of the owners of the lands affected thereby," etc. After a further finding that all had been done in accordance with the law, is the order approving and confirming the report.

Counsel for appellants contend that there was no valid confirmation of the report of the commissioners, for the rea- sons that the board had not been properly convened by the auditor, and that no notice had been given of the filing of the report, and the day when the board would meet to hear the same. Their contentions are met and overthrown by the record of the proceedings before the board. It is therein stated that the board convened in special session to take ac- tion in relation to the gravel road in pursuance of a precept

by the auditor directing such a meeting. They were in session, determined that the proper notices had been given, and on the same day confirmed the report of the commissioners and signed the record.

The record shows enough to protect the proceedings which resulted in the establishment of the gravel road, against the objections urged by counsel for appellant, in their endeavor to maintain this collateral assault upon those proceedings. In addition to the cases above cited, we add the late case of *White* v. *Fleming,* 114 Ind. 560.

Judgment affirmed, with costs.

Filed Dec. 20, 1888.