Bowen, Treasurer, *v.* Hester.

No. 17,405.

BOWEN, TREASURER, *v.* HESTER.

COUNTY COMMISSIONERS.—*Jurisdiction.*—*Location of Highway.*—*Macadamized Road.*—A board of county commissioners has jurisdiction of a proceeding for the construction of a free macadamized road, where a petition is duly presented to it under the statute requiring them to exercise judicial powers in the location, establishment, and construction of such roads.

SAME.—*Record of Proceedings.*—*Collateral Attack.*—*Macadamized Road.*—The record of proceedings of county commissioners in constructing a free macadamized road, of which proceeding they had jurisdiction, cannot be collaterally impeached on the ground that they verbally directed the viewers and engineer not to report certain land liable to be assessed.

HIGHWAY.—*Land-owner.*—*Public Improvement Assessment.*—*Macadmized Road.*—*Notice.*—*Appeal.*—All persons owning land within two miles of a proposed highway are bound by the assessment of benefits by the board of county commissioners, from which no appeal was taken, where notice was given of finding a report of the apportioning committee, and the time and place and the hearing thereof by such commissioners, as required by section 6860, R. S. 1894, although their lands were at first not reported as benefited by the viewers and engineer under the provision of section 6858.

From the Putnam Circuit Court.

*F. D. Ader* and *H. H. Mathias,* for appellant.

*G. C. Moore, S. A. Hays* and *D. E. Williamson,* for appellee.

MCCABE, J.—The appellee sued the appellant to enjoin the collection of certain assessments against his land to pay the expense of the construction of the Mt. Meridian and Putnamville free macadamized road, constructed by the board of commissioners of said Putnam county under the act approved March 3, 1877. R. S. 1894, sections 6855–6867; R. S. 1881, sections

5091–5103.    It is assigned for error here that the circuit court overruled appellant's demurrer to the complaint, sustained appellee's demurrer to the second paragraph of appellant's answer, and overruled his motion for a new trial.

The complaint is so long, with many needless averments and repetitions making forty-eight pages of the transcript, that we will only outline so much thereof as appellee has seen fit in his brief to summarize, discuss and rely on.    The principal objection made in the complaint against the validity of the assessment against appellee's land is that he in substance alleges that the viewers and engineer—the only ones ever appointed by the board to examine, view, and straighten said road and report to the commissioners the public necessity of the improvement, the damages claimed, the estimate of the expense thereof, and the lands that would be benefited thereby and ought to be assessed for the expense of the same—did not in their report state that appellee's land would be benefited by such improvement.    That notwithstanding the failure of such viewers to report the appellee's land benefited by the proposed improvement, said board had caused his lands to be assessed $47.00 on the first assessment and $18.50 on a second assessment to meet a deficiency in the first assessment to pay the expense of said improvement, and said sums had been placed on the duplicate as delinquent and the same was in the hands of the defendant as treasurer who was threatening to proceed by levy and sale of plaintiff's property to collect said sums.

It has been repeatedly held by this court that lands cannot be taxed for such an improvement in a sum exceeding the benefits which accrue to the land by reason of the improvement.    *Board, etc.,* v. *Fullen,*

111 Ind. 410; *Campbell* v. *Board, etc.*, 118 Ind. 119; *Guckien, Treas.*, v. *Rothrock*, 137 Ind. 355.

The fourth section of the act (Burns R. S. 1894, section 6858; R. S. 1881, section 5094) provides that the viewers and engineer shall report to the board at their next regular session showing among other things the lands that will be benefited by and ought to be assessed for the expense of such improvement. The next section provides among other things that upon the return of said report, if in their opinion public utility require it, they shall enter an order of record that the improvement be made, which order shall state among other things the lands which shall be assessed for the expense of the same. And the next section provides that the commissioners shall immediately appoint three freeholders a committee to apportion the estimated expense of said improvement upon the real property embraced in the order aforesaid, and report the same to the county auditor. It is therefore contended by the appellee that the commissioners had no jurisdiction to embrace any lands in their record entry ordering the improvement to be made than those specified in the report of the viewers and engineer, and it is alleged in the complaint that no other such lands were embraced in said order and that plaintiff's lands were not so embraced, and therefore they had no power in appointing the committee to apportion expense, to authorize such committee, and it is alleged that they did not authorize such committee to apportion any of such expense on any other lands than those embraced in the order aforesaid. And hence it is contended that the action of the apportioning committee in apportioning a part of the expense on appellee's land, as is alleged they did, was without authority of law and void. And

therefore the board had no power or jurisdiction to order appellee's land to stand assessed.    Hence it is argued that its assessment is void.

But it is shown in the complaint that the appellee's land lies within two miles of the contemplated improvement and therefore liable under the act to assessment for such improvement if benefited thereby.    It is further shown in the complaint that the report of the apportioning committee was filed with the auditor on September 4, 1884, and that he gave notice by publication in a newspaper printed and published in Putnam county of the filing of such report, and that on November 18, 1884, the board would meet at his office to hear the same, and that on said day they met at said office to hear said report and entered the following order:    "Comes now Mc. C. Hartley, auditor, and presents the report of John W. McNary, William Broadstreet and James H. Sparks, viewers in the cause filed within, and said report is as follows after correction made by the board from the evidence submitted."    Then the complaint charges that no order was made, confirming the report of the apportioning committee either as made or corrected, but that the auditor before entering the list of lands contained in said report, made the following entry: "And now comes said viewers and report the following lands and lots benefited which said lands and lots are by the board added to the foregoing list and after correction to stand assessed for the construction of the Mt. Meridian and Putnamville free macadamized road."

Then the complaint charges "that said pretended entry was inserted by the auditor in the copy of said report and was no part of said report, and the commissioners made no correction of said report showing said lands were benefited."    This amended report contained

appellee's lands as among those benefited by the contemplated improvement. The allegation that the commissioners made no correction of the report of the viewers showing what lands were benefited, is a direct contradiction of what the complaint itself shows, that the commissioners' record states. Both entries quoted into the complaint taken together show that on evidence submitted and considered by the board, it corrected the report of the viewers and engineer and added certain lands and lots benefited to the list of lands already contained in that report making said report include, as the complaint shows, appellee's land.

The averment that the report of the apportioning committee was never confirmed by the board is scarcely less a contradiction of what the complaint discloses, that the commissioners' record contains.

The final order quoted into the complaint was that "said lands and lots are by the board added to the foregoing list and after correction to stand assessed," etc.

This pretty clearly implies that the amended report of the apportioning committee is confirmed because such lands and lots could not stand assessed without a confirmation of the report of the apportioning committee.

In *Stoddard* v. *Johnson*, 75 Ind. 20, at page 31, it was said, "And it is not necessary that the record of the board shall show an express finding upon such facts. Such finding will be presumed in support of the proceedings, if the record shows an order granting the petition or for the taking of the steps necessary to the accomplishment of the end designed. In this case the order for the appointment of the viewers and engineer, and fixing the time and place of their meeting, is equivalent to a finding of the facts necessary to have been found and to an adjudication of the board, that the petition itself is sufficient."

And in *Million* v. *Board, etc.*, 89 Ind. 5, at page 13, it was said: "Nor was it necessary, we think, that the finding of these jurisdictional facts by the county board should be shown by its record in express terms." Under these decisions the complaint states enough of the commissioners' record to show at least an implied if not an express confirmation of the report. Section 5 of the act (Burns R. S. 1894, section 6859; R. S. 1881, section 5095), after providing upon the return of the report of viewers for the entry of an order upon the record that the improvement be made upon the condition therein specified, it further provides that: "If, at any time after making such final order, the commissioners shall find that there has been an omission of lots or lands within the territory sought to be assessed, or that there has been manifest injustice in the apportionment of taxes, or that public necessity requires any alteration in the manner of the improvement as ordered, they are authorized to make such addition and reapportionment as they may deem just and proper * * ."

The complaint before us shows that the commissioners' record states that they did the very thing that the above quoted provision authorized them to do, namely, to make such addition and reapportionment as they deemed just and proper of omitted lands or lots within the territory sought to be assessed. That territory comprised all lands and lots within two miles of the contemplated improvement as provided in section 4 of the act (Burns R. S. 1894, section 6858; R. S. 1881, section 5094). In *Million* v. *Board, etc., supra*, this court quoting from *Ricketts* v. *Spraker*, 77 Ind. 371, in speaking of this provision of section 5, said: "The statute confers ample authority upon the commissioners to make all needed corrections and to supply all

omissions.  *  *  *  The presumption is that they did their duty and placed all the lands upon the list.  It was at least incumbent upon the appellants to show, not only that the committee omitted lands, but that other public officers did not supply the omissions."  To the same effect is *Gavin* v. *Board, etc.*, 104 Ind. 201.

The averment that the commissioners did not correct the report of the viewers so as to show that appellee's lands were benefited, or that the apportionment report was not confirmed, as before observed, is a contradiction of the commissioners' record.

It is true that the commissioners' record as stated in the complaint is not as full and complete as might have been made, but there is enough stated to indicate that the board amended the report of the viewers and engineer so as to add the omitted lands and show that they were benefited by the improvement as they were authorized to do by section 5 of the act; and that the apportionment report as corrected was confirmed by the board.  It was said in *Million* v. *Board, etc., supra,* quoting from *Bittinger* v. *Bell,* 65 Ind. 445, that: "It is not to be expected that the orders of a board of commissioners will be drafted with that degree of legal accuracy and precision of statement usually found in orders, decrees and judgments of the circuit court. There are no established forms or precedents for the orders of a board of commissioners; and, if those orders are right in substance, their form will be of little consequence."  If the board had jurisdiction, the record of its proceedings and orders import absolute verity and cannot be collaterally impeached or contradicted as was attempted to be done by the complaint.  *Million* v. *Board, etc., supra; Ricketts* v. *Spraker, supra; Stoddard* v. *Johnson, supra; Davidson* v. *Koehler,* 76 Ind. 398; *Sauer* v. *Twining,* 81 Ind. 366.

Besides, the twelfth section (Burns R. S. 1894, section 6866; R. S. 1881, section 5102) provides that: "No person shall be permitted to take advantage of any error committed in any proceeding to lay out, construct, or improve any road under and by virtue of this act; nor of any error committed by the county commissioners or by the county auditor, or by the engineer or surveyor or other person or persons in the proceedings to lay out, construct or improve any such road; nor of any informality, error or defect appearing in the record of such proceeding, unless the party complaining is affected thereby."

In *Million* v. *Board, etc., supra,* in speaking of this provision this court said: "Under this provision of the statute it is not enough for the complaining party to show that he is affected by the proceeding to lay out, construct or improve any road, but he must clearly show, we think, that he is injuriously affected, and in what respect, by the informality, error or defect, of which he complains, * * and that the same cannot be corrected by the county board, before he can be permitted to take advantage thereof by an action in the circuit court." To the same effect is *Stoddard* v. *Johnson, supra.* There is no such showing in the complaint. There is no statement nor attempt to state that appellee's land was not within two miles of the proposed improvement, or that it was not benefited every cent that was assessed against it by the improvement. But it is alleged in the complaint that the commissioners ordered the viewers and engineer not to report the appellee's land along with about 4,000 acres of other lands lying within two miles of said improvement and west of a certain described line as benefited, and, in obedience to said order and direction, said veiwers and engineer did not report any of said lands west of said line as

benefited by said improvement and the appellee's lands were among them. It is therefore urged that, as appellee's land was found not embraced in the report of said viewers as benefited, appellee had no occasion to take any further notice of the proceedings and that he was misled by the order. But it is alleged that such order or direction was verbal only and never entered of record on the commissioners' record. This is nothing more nor less than an attempt to collaterally impeach the record by interpolating something into it to destroy it, to say nothing of the fact that the commissioners are not authorized to make such an order. Such record as we have seen cannot be thus collaterally impeached. The statute in question clothed the board of commissioners with original jurisdiction in the several counties of the State and required them to exercise judicial powers in the location, establishment and construction of free gravel, macadamized, or paved roads. *Million* v. *Board, etc., supra; Stoddard* v. *Johnson, supra.*

Therefore the board had jurisdiction of the subject as the appellee's complaint shows that a petition for such improvement was presented to said board. *Ely* v. *Board, etc.,* 112 Ind. 361 ; *Hobbs* v. *Board, etc.,* 116 Ind. 376.

There are two notices required by the act to confer jurisdiction over the persons affected. One is a notice to be given by the auditor by publication in a newspaper printed in the county for three consecutive weeks, of the time and place of the meeting of the viewers. On the return of the report of the committee to apportion benefits, the auditor is required to give notice thereof in a newspaper published and circulated in the county, and shall also give three weeks notice of the time when the commissioners will meet to hear the same. When

these notices are given then the jurisdiction over the persons affected is complete.

The notice of the time and place of meeting of the viewers is for the purpose of enabling persons who are damaged to apply to the viewers therefor. That only applies to a small part of the four mile strip of land liable to assessment, that part injuriously affected by the establishment of the road. The appellee makes no complaint that he was damaged by the road being constructed on or through his land, but his sole complaint is against its assessment. Therefore he, and all those similarly situated, were not concerned with the report of the viewers and engineer whether it did or did not include his land as benefited, because there is no provision for any hearing of such report and no provision is made for objecting thereto on account of its including lands as benefited. No notice is required of the filing of such report. But when the report of the apportioning committee is filed with the auditor, notice thereof is required to be given, and a notice when and where the commissioners will hear the same. Then exceptions and objections may be filed thereto and tried before the commissioners. Then and not till then is any land-holder authorized to appear and object to the proceedings; and if the notices above mentioned have been given, then jurisdiction has been acquired over every person affected by or interested in the proceedings. In the injunction case of *White* v. *Fleming*, 114 Ind. 560, at page 575, this court said: "In the absence of averment to the contrary, we would be bound to assume, even if it did not so appear, that the auditor of Ripley county, in the discharge of his plain statutory duty, gave the notices provided for in section 5092, *supra*, in the manner prescribed therein; and that the county board thus acquired full and complete jurisdiction of all the

persons of all the parties interested in the proposed improvement, and especially of the plaintiff herein.   If the plaintiff felt himself aggrieved by any of the subsequent orders or proceedings by or before the county board, in the prosecution of the proposed improvement, our laws gave him a complete and adequate remedy for his grievances by providing for an appeal from such orders or proceedings ·to the circuit court of the county."   To the same effect are *Hobbs* v. *Board, etc.*, 116 Ind. 376 ; *Board, etc.*, v. *Justice*, 133 Ind. 89.   It appears by the complaint that the notice required by section 6860,Burns R. S. 1894 ; R. S. 1881, section 5096, as to the filing of the report of the apportioning committee, and the time and place of hearing thereof,was given.

All persons owning land within two miles of the contemplated improvement were bound to take notice that such report might affect them, even though their lands were at first not reported by the viewers and engineer as benefited by the proposed improvement.   Because they were bound to know the law, and that law, as we have seen, authorizes the commissioners to amend or correct the report of the viewers and engineer, and make such addition of omitted lands and lots and re-apportionment thereof as they might deem just.   Until the report of the apportioning committee had been heard by the commissioners, acted upon and finally confirmed by them, the interest of every land-owner within two miles of the road was liable to be affected by such order, whether their lands had been reported as benefited or not by the viewers and engineer.   For this reason they are required to be, and in this case were, notified as already stated of the time and place, when and where the commissioners would hear such report, and where they could make any and all such legal objections to any

apportionment or assessment against their lands that they might have; and such objections proving unavailing before the commissioners, an appeal would lie from the final order confirming such report to the circuit court. *Tomlinson* v. *Peters*, 120 Ind. 237.

Any action taken by the board on such hearing, however erroneous, within the limits of the petition, the purview and general scope of the act under which the proceeding was had is binding upon the parties affected, over whom jurisdiction has been acquired by the notices mentioned when collaterally attacked as is sought to be done in this case. *Stoddard* v. *Johnson, supra*; *Ricketts* v. *Spraker, supra*; *Million* v. *Board, etc., supra*; *Board, etc.*, v. *Justice, supra*; *McEneney* v. *Town of Sullivan*, 125 Ind. 407; *Chicago, etc., R. W. Co.* v. *Sutton*, 130 Ind. 405; *White* v. *Fleming, supra*, and case there cited. There are other objections urged to the validity of the assessment, but they are mere irregularities such as the ones already mentioned would have been if such alleged irregularities had not been contradicted by the commissioners' record as stated in the complaint before us.

Appellee's learned counsel quoting from cases in this court says: "When statutory powers are conferred upon a court of inferior jurisdiction, and a mode of exercising these powers is prescribed, the course pointed out must be substantially followed, or the acts and judgments of the court are *coram non judice* and void." Citing *White* v. *Conover*, 5 Blackf. 462; *Fleming* v. *Hight*, 101 Ind. 466. The same rule was invoked in the gravel road case of *Stoddard* v. *Johnson, supra*, the counsel citing a long list of cases in this court, beginning with *State* v. *Conner*, 5 Blackf. 325. Of those cases, all similar to the ones cited here by the

appellee, this court there said, on page 32, that : "In most of these cases, the questions were raised on appeal, and involved no collateral attack. In so far as many of these cases hold that the jurisdiction of an inferior court must be shown in its own record, they accord with our present ruling and with the cases cited *supra*. Some of them contain *dicta* against the indulgence of presumptions in favor of the proceedings of inferior courts, after jurisdiction has been acquired, and to the effect that their proceedings are void unless in strict compliance with the law. If so, they are not in harmony with the cases cited, and in such respects are overruled." One of the cases cited by appellee, in support of the rule he invokes, is a case where the attack on the proceedings was not a collateral one but was by way of appeal, and therefore has no application to the case at bar. The other, *State* v. *Conner*, 5 Blackf. 462, falls under the condemnation of this court in *Stoddard* v. *Johnson*, *supra*. In the latter case, at pp. 34 and 35, this court said : "The complaint charges numerous errors and defects in the reports of the original viewers, and of the committee of apportionment ; as, for instance, that benefited lands had been omitted, and other tracts so defectively described as that the assessments made thereon were void. It is evident, however, that these and the like objections do not affect the jurisdiction, and, if true, constitute errors and irregularities which the law expressly authorizes the board to correct at any time." To the same effect are *Ricketts* v. *Spraker*, *supra*; *Board, etc.,* v. *Justice, supra; McEneney* v. *Town of Sullivan, supra; Chicago, etc., R. W. Co.* v. *Sutton, supra*.

Therefore the complaint did not state facts sufficient to constitute a cause of action, and hence the circuit

court erred in overruling the demurrer thereto. The judgment is reversed, with directions to sustain the demurrer to the complaint.

Filed September 10, 1895; petition for rehearing overruled January 28, 1896.