## LAYMAN *v.* HUGHES ET AL.

[No. 18,380.  Filed Nov. 29, 1898.  Rehearing denied April 21, 1899.]

HIGHWAYS.—*Construction of Free Macadamized Road.—Irregularities in Making Assessments.—Injunction.—Collateral Attack.*—A suit to enjoin a county treasurer from collecting assessments to pay the expenses for the construction of a free macadamized road, being a collateral attack, mere irregularities and defects in making the assessments cannot be inquired into. *pp. 485-487.*

SAME.—*Suit to Enjoin Collection of Assessments for Construction of Free Macadamized Road.—Complaint.*—A complaint to enjoin the collection of assessments for the construction, under the act of March 3, 1877, of a free macadamized road, alleging that plaintiff's lands had not been reported by any engineer, or by viewers, as benefited, is insufficient without a further allegation as to what the

record of the board of county commissioners discloses on the subject; since ample authority is conferred upon such commissioners to make all needed corrections and supply all omissions.  *pp. 987-489.*

From the Putnam Circuit Court.  *Affirmed.*

*G. C. Moore, T. T. Moore* and *S. D. Coffey,* for appellant.

*F. D. Ader* and *H. H. Mathias,* for appellees.

McCABE, J.—The appellant, Layman, sued the appellee, Hughes, as treasurer of Putnam county, to enjoin the collection of certain assessments upon appellant's land to defray the expense of the construction of the Mt. Meridian and Putnamville free macadamized road.  The other appellees, who were defendants below, filed cross-complaints setting up the same facts substantially set forth in the complaint; the only difference being that each cross-complaint refers to the land owned by such cross-complainant, and assessed for such road, instead of the land owned by the plaintiff.  Each defendant filed a separate cross-complaint.  Demurrers to the complaint and to each cross-complaint were sustained for want of sufficient facts, and, the plaintiff and cross-complainants failing to amend or plead further, judgment was rendered that the plaintiff and cross-complainants take nothing by the complaint or cross-complaints.  These rulings are called in question by the assignments of error.  There are eighteen separate assignments of error under different titles. The first one makes the plaintiff below the sole appellant, and the defendants below, or cross-complainants, appellees.  In the other seventeen assignments, one or more of the cross-complainants are made appellants, and the balance of them are made appellees, along with the plaintiff below.

This being a vacation appeal, the proper parties are required to be made.  All of the parties to the appeal are made both appellants and appellees.  And, unless we regard this as eighteen separate appeals, which is not authorized in one transcript, we would probably be justified in dismissing the

appeal.    We held in *Gregory* v. *Smith*, 139 Ind. 48, that the same party cannot be both appellant and appellee.    But, as it is not discussed or noticed in the argument, we will not pass upon it.

The case of *Bowen* v. *Hester*, 143 Ind. 511, was an action to enjoin the collection of assessments made by the same order of the board of commissioners, and for the same irregularities relied on in this action, but by different landowners from those involved here.    The record shows that the trial court was controlled in sustaining the demurrers by the law as declared in that case.    We held in that case that the defects in the proceedings of the board were mere irregularities that did not affect the jurisdiction of the board and that the record showed that it had complete jurisdiction and that its orders and judgment, in establishing the road and making the assessments, could not be collaterally impeached by an injunction.

In one of the briefs of appellant's counsel it is substantially conceded that that case is decisive of this, but it is contended that that case was wrongly decided, and ought to be overruled.    It is contended that that case is in conflict with *Fulton* v. *Cummings*, 132 Ind. 453.    In the latter case, on appeal from the board to the circuit court, it was attempted to show that there were other lands not reported benefited, that were actually benefited.    This offer was rejected in the circuit court, and its action affirmed in this court, because no such question was raised in the commissioners' court by attacking the report of the viewers before the board.    This court there said:    "Unless some such action was taken, we think the parties interested are bound by the report of the viewers as to the limit of the territory to be assessed."    It is therefore urged that the language, "the territory sought to be assessed," as used in the statute, means the lands embraced in the report of the viewers.    The whole case shows that no such thought existed in making the decision.    If that were so, as soon as a report of viewers is made, showing certain land

benefited within the two-mile limit, that would end the controversy even though other lands were within the two-mile limit actually benefited, but not so reported.    If the report of the viewers, leaving such actually benefited lands out of such report, excludes the jurisdiction of the board as to such omitted lands, as is contended by appellant, then such jurisdiction does not depend on facts but on mistakes.  But this court there explicitly denied such a construction of the statute by saying: "We do not hold that the parties interested may not, upon the return of the report of the viewers, attack it before the board by proper pleading, upon the ground that it does not include all the land benefited, and procure new viewers and a new report; but no such question is presented here, for nothing of the kind was attempted."    Now if such irregularities and defects cannot be inquired into on appeal from the board to the circuit court, simply because they were not attacked before the board, there is much greater reason why they cannot be inquired into on a collateral attack by injunction.    That case is not in point here, because this is a collateral attack, and that was a direct attack by appeal, the purpose of which is in the nature of an attempt to correct errors by a trial *de novo.*

An injunction against a judgment establishing a gravel road, and making assessments therefor, proceeds upon the idea that the proceedings and judgment of the board are void. If the board had jurisdiction, its proceedings are not void, though ever so erroneous.    In the other brief, on behalf of appellant, it is contended that Judges McGregor and McBride had a misconception of the purport of the opinion in *Bowen* v. *Hesler*, 143 Ind. 511.    It is said in said brief that: "It appears from the statement of the record in the case of *Bowen* v. *Hesler, supra,* that the viewers amended their report so as to include the lands of appellee in that case.    If this was true, of course he could not enjoin the collection of the assessment, for the viewers have the right, at any time before they are discharged, to amend their report.    There-

fore, when this court held, under this state of facts, that Hester could not enjoin, it decided all there was in the case." That case shows that the report of the viewers was made and filed before the amendment thereto was made by adding the lands in controversy; that the amendment was made by the board by adding the omitted lands.   But it is contended that that case is not controlling here, because nothing of the kind appears in the complaint here.   While it is alleged in a vague and indefinite manner only that appellant's lands were assessed, it is substantially averred that they had never "been reported by said engineer and viewers, or any other engineer and viewers, as benefited, and ought to be assessed to pay for the cost of said improvement."   But it is not alleged what the commissioners' record states or discloses upon the subject. The complaint does allege in one place that the report of the viewers and engineer that certain lands therein described would be benefited was filed, and it did not include appellant's lands, and that such report appeared of record.   So the complaint does not set forth what steps were taken by the commissioners before the order assessing appellant's lands for the improvement.   It alleges that appellant's "lands were not reported, by said engineer and viewers, or by any other engineer and viewers, as benefited," but it fails to aver what the commissioners' record states as to the matter.   All these averments may be true, and yet it may also have been true, as shown by the complaint in the case of *Bowen* v. *Hester*, 143 Ind. 511, that the board had entered of record the following order: "Comes now McChartley, auditor, and presents the report of John W. McNarry, William Broadstreet and James H. Sparks, viewers in the cause filed within, and said report is as follows, after correction made by the board from evidence submitted:   *   *   *   And now comes said viewers and report the following lands and lots benefited, which said lands and lots are by the board added to the foregoing list, and after correction to stand assessed," etc.

In *Ricketts* v. *Spraker*, 77 Ind. 371, on 378, it is said:

"The statute confers ample authority upon the commissioners to make all needed corrections and to supply all omissions." After quoting the statute, that case continues: "For anything that appears, the commissioners may have added to the assessment roll the lands alleged to have been omitted. The presumption is that they did their duty and placed all the lands upon the list. It was at least incumbent upon the appellants to show not only that the committee omitted lands, but that other public officers did not supply the omission." This is one of the cases on which *Bowen* v. *Hester*, 143 Ind. 511, is founded. This is but an application of the general doctrine to this sort of a case, and that doctrine is thoroughly settled by our decisions that a record of a judgment cannot be impeached collaterally by allegation of matters *de hors* the record, unless the complaint states what is shown by the record in relation to such matters. *Bailey* v. *Rinker*, 146 Ind. 129, 136, 137, and authorities there cited on this point; *Fitch* v. *Byall*, 149 Ind. 554-558; *Denton* v. *Arnold*, 151 Ind. 188. And in *Million* v. *Board, etc.*, 89 Ind. 5, at page 15, quoting from *Stoddard* v. *Johnson*, 75 Ind. 20, it is said: "The complaint charges numerous errors and defects in the reports of the original viewers, and of the committee of apportionment; as, for instance, that benefited lands had been omitted, and other tracts so defectively described as that the assessments made thereon were void. It is evident, however, that these and the like objections do not affect the jurisdiction, and, if true, constitute errors and irregularities which the law expressly authorizes the board to correct at any time."

Both of the cases last referred to were among the cases on which the decision in *Bowen* v. *Hester*, 143 Ind. 511, was founded. It is therefore clear that that case was correctly decided, and, even if the complaint does not show that the report of the viewers was amended and corrected by the board, in the absence of any averment in the complaint in this case as to what the record of the commissioners shows as to that matter, it is insufficient to uphold a collateral attack

on those proceedings which this suit is; and the presumption arises that the report was so amended before the assessment complained of was made.    It follows that the circuit court did not err in sustaining the demurrers.    The judgment is affirmed.