THE PEOPLE *ex rel.* William J. Neil, Supervisor,

*v.*

PHILIP KNOPF, County Clerk.

*Opinion filed December 22, 1897—Rehearing denied February 15, 1898.*

1. TOWNSHIP ORGANIZATION—*legislature may provide for management of affairs in counties under township organization.* On the adoption of township organization by any county in this State the affairs of the county may, under section 8 of article 10 of the constitution, be transacted in such manner as the General Assembly may provide.

2. SAME—*by adopting, township organization people assent to the provisions of the law.* By adopting township organization the people of Cook county, including the inhabitants of its several towns, accepted the law and all of its provisions, and consented to be taxed in the manner therein provided and by the officers therein designated for that purpose.

3. CONSTITUTIONAL LAW—*meaning of words "corporate authorities," as used in constitution.* "Corporate authorities," within the meaning of the constitution, are those municipal officers who are directly

elected by the people who are to be taxed by them, or appointed in some manner to which they have given their assent.

4. Same—*limits on power of legislature to confer power to tax munici-palities.* Section 9 of article 9 of the constitution is a limitation upon the legislature to confer the power to assess or collect taxes for corporate purposes upon any officers other than corporate or local authorities of the municipalities sought to be taxed.

5. Same—*Cook county board is a "corporate authority" of towns within incorporated cities in county.* The Cook county board constitutes the proper corporate authority to ascertain the amount of taxes nec-essary to be raised for corporate purposes by towns lying wholly within incorporated cities in such county.

6. Same—*section 4 of article 4 of the Township Organization act is con-stitutional.* Section 4 of article 4 of the Township Organization act, (Rev. Stat. 1874, p. 1072,) which provides that all money necessary to be raised for corporate purposes in towns lying wholly within incorporated cities shall be ascertained by the county board, etc., is constitutional, and does not confer power upon one municipality to levy taxes upon another municipality for the latter's corporate purposes without its consent.

7. Same—*section 7 of article 13 of Township Organization act is consti-tutional.* Following the decision herein that section 4 of article 4 of the Township Organization act is constitutional, section 7 of article 13 of the same act, (Rev. Stat. 1874, p. 1081,) referring to the certifying of the aggregate amount of indebtedness of towns lying within incorporated cities to the county board, must be held to be constitutional and valid.

Phillips, C. J., and Cartwright, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. Richard W. Clifford, Judge, presiding.

J. W. Kaste, Corporation Counsel, for appellant:

Under our system of township organization the elect-ors of a township, at their annual town meeting, are by statute vested with power to levy taxes upon the tax-able property of the town for the corporate purposes of the town. Rev. Stat. chap. 139, art. 4, sec. 3; *Railway Co.* v. *McCleave,* 108 Ill. 368; *Greenwood* v. *LaSalle,* 137 id. 225.

Under our constitution and the decisions of our courts a county is a municipal corporation. Const. art. 9, sec. 12.

A town in a county under township organization is a municipal corporation. Const. art. 9, sec. 12; *Martin* v.

*People,* 87 Ill. 524; *Freeport* v. *Stephenson County,* 41 id. 495; *Railway Co.* v. *McCleave,* 108 id. 368; *Greenwood* v. *LaSalle,* 137 id. 225; *Waltham* v. *Kemper,* 55 id. 346; *East St. Louis* v. *Rheim,* 139 id. 116.

The legislature has no power to impose a tax upon a municipal corporation or its people, either directly or indirectly, without the consent of the municipality or of those to be taxed and affected thereby. It must grant the power, if at all, directly to the corporate authorities of the municipality or district to be taxed. This limitation precludes the levy of local taxes by agencies created by the legislature, not being the corporate authorities of the locality or the municipality to be taxed or to be bound by the obligation. *Updike* v. *Wright,* 81 Ill. 49; *People* v. *McAdams,* 82 id. 356; *Cornell* v. *People,* 107 id. 372; *Wetherell* v. *Devine,* 116 id. 635; *Will County* v. *People,* 110 id. 511; *Gage* v. *Graham,* 57 id. 144; *Marshall* v. *Silliman,* 61 id. 218; *Board of Directors* v. *Houston,* 71 id. 318; *Wider* v. *East St. Louis,* 55 id. 133; *Trustees of Schools* v. *People,* 63 id. 229; *Lovingston* v. *Wider,* 53 id. 302; *Hessler* v. *Drainage Comrs.* 53 id. 105.

Corporate authorities are those municipal officers who are either directly elected by the people of the district or municipality to be taxed, or appointed in some manner to which they have given their consent. *Cornell* v. *People,* 107 Ill. 372; *Harward* v. *Drainage Co.* 51 id. 130.

The electors of a township, and they alone, represent the corporate authority of the town. *Kankakee* v. *Railroad Co.* 115 Ill. 88.

ROBERT S. ILES, for appellee:

The power of the General Assembly to enact laws is plenary, except as limited by the constitution. *Firemen's Ben. Ass.* v. *Lounsbury,* 21 Ill. 511; *Bradly* v. *Case,* 3 Scam. 585; *People* v. *Brown,* 11 Ill. 478; *Railway Co.* v. *Warrington,* 92 id. 157; *Richards* v. *Raymond,* id. 612.

Where it is doubtful whether the power has been granted or denied, the doubt should be resolved in favor

of its existence. *Chicago* v. *Larned,* 34 Ill. 203; *Peacock* v. *People,* 98 id. 172.

It must be clear, beyond a doubt, that the legislature has exceeded its constitutional power before the courts will declare a statute unconstitutional. *Bureau County* v. *Railway Co.* 44 Ill. 229; *People* v. *Salomon,* 46 id. 333; *Morton* v. *People,* 47 id. 468; *McVeagh* v. *Chicago,* 49 id. 318.

The presumption is in favor of constitutionality. *In re Welsh,* 17 Ill. 161; *Wulff* v. *Aldrich,* 124 id. 591; *Bunn* v. *People,* 45 id. 397.

Grant of power to the legislature to do a certain thing without words of limitation or restriction carries power to employ all necessary means to make the power effectual. The legislature has sole power to determine the means to be employed. *Houston* v. *Clark,* 112 Ill. 344.

Where a statute has been directly sanctioned or acquiesced in by all departments of government for many years its constitutionality cannot be questioned. *Bruce* v. *Schuyler,* 4 Gilm. 266.

Counties and townships are mere political divisions of the State for purposes of government, and as such are under legislative control. *Whiteside County* v. *Harris,* 105 Ill. 445; *Symes* v. *Clay,* 71 id. 355; *Hollenbeck* v. *Winnebago County,* 95 id. 148; *Coles* v. *Madison County,* Breese, 154; *Halliday* v. *People,* 5 Gilm. 214; *Freeport* v. *Stephenson County,* 41 Ill. 495; *Sangamon County* v. *Springfield,* 93 id. 66; *Marion County* v. *Law,* 108 id. 343; *Wetherell* v. *Devine,* 116 id. 631.

The law by which townships are governed may be changed at the discretion of the legislature. *Freeport* v. *Stephenson County,* 41 Ill. 495.

The General Assembly is granted express power to provide the manner in which the affairs of a county under township organization may be transacted. Const. 1870, art. 10, sec. 5; Const. 1848, art. 7, sec. 6.

The people of Cook county having adopted township organization by a majority vote of the electors of said county, thereby ratified said act, and authorized taxes to

be levied for town purposes in the manner and by the officers in said act specified. *Cornell* v. *People,* 107 Ill. 372.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a petition for *mandamus,* brought in the name of the People, on the relation of William J. Neil, supervisor of the town of Lake, in Cook county, to compel the clerk to extend a certain sum as taxes against the taxable property of the town. The petition alleges that Cook county is under township organization; that the town of Lake is a town thus formed and lying wholly within the limits of Chicago; that William J. Neil is the supervisor of the town of Lake; that Philip Knopf, the defendant, is the county clerk of Cook county; that the electors of the town of Lake, in their annual town meeting held on April 6, 1897, did appropriate and levy the sum of $45,000 upon the taxable property of the town of Lake for corporate purposes for the year 1897; that thereafter the board of town auditors, at its semi-annual meeting, made a certificate of audit of the claims and indebtedness against the town of Lake, as provided by section 7, article 13, chapter 139, of the Revised Statutes, the aggregate amount whereof was $17,893.10; that the same was signed and filed by said board of auditors with the town clerk, and that the town clerk did certify, at the proper time, the aggregate amount of said certificate of audit, to-wit, $17,893.10, together with the further sum of $45,000 levied by the town electors at their annual town meeting, to the county clerk, making the total sum of $62,893.10 as the amount of taxes required by said town of Lake for corporate purposes for the year 1897; that upon demand to extend that amount, $62,893.10, upon the tax books for the use and corporate purposes of the town of Lake, defendant, Philip Knopf, county clerk, refused, and thereupon appellant filed this petition in the circuit court, praying for a writ of *mandamus* against said county clerk to compel him to extend said amount as aforesaid. To the petition the defendant

interposed a general demurrer, which, upon a hearing, was sustained and judgment entered against petitioner for costs; to reverse which petitioner appealed.

The application for a writ of *mandamus* in this case is predicated on the proposition that section 4 of article 4 of the Township Organization act is unconstitutional. (Rev. Stat. 1874, p. 1072.) Section 3 of article 4 provides what shall be done at a town meeting, embracing 15 different subjects, numbered from 1 to 15, inclusive. Among the powers enumerated will be found the power to raise money by taxation for certain purposes. Immediately following the enumerated powers will be found section 4, which reads as follows: "In towns in which there are incorporated cities or villages the boundaries of which are co-extensive with the limits of the town, or the town lies wholly within the limits of an incorporated city or village, the electors shall not exercise the several powers contained in subdivisions of section 3 of this article, namely, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13, but all moneys necessary to be raised in such towns for town expenses shall be ascertained by the county board, and the county clerk shall extend the amount so ascertained upon the collector's books of such towns, and when collected the same shall be paid over to the town supervisors the same as in other towns, and the powers and provisions of all cities and villages under their organic law shall not be repealed by any of the provisions of this article." It is claimed that this section of the statute is invalid, for the reason that power is conferred upon one municipality to levy taxes for corporate purposes upon another distinct municipality, without the consent of the people of the municipality upon which the taxes are imposed.

It may be conceded that under section 10 of article 9 of the constitution it is beyond the power of the legislature to impose taxes upon municipalities, and it may also be regarded as a well settled rule that under section 9 of the same article the legislature can only vest the cor-

porate authorities of such municipalities with power to levy and collect taxes for corporate purposes. (*People* v. *Morgan*, 90 Ill. 558; *Cornell* v. *People*, 107 id. 372; *Updike* v. *Wright*, 81 id. 49.) If, then, it was true, as contended by counsel, that the statute in question conferred upon the county board of Cook county power to impose taxes upon the town of Lake without the consent of the town of Lake, we would be inclined to hold that the statute could not be sustained.

It will be observed that the petition of the relator avers that Cook county has adopted township organization, that the town of Lake is one of the towns of the county, and that the town of Lake lies wholly within the city of Chicago. The limitations to the power of the legislature to enact a township organization law, found in the constitution, are few. The law must be general; it must be adopted by a vote of a majority of the legal voters of the county; no two townships shall have the same name, and the day for holding the annual township meeting shall be uniform throughout the State. (Const. 1870, sec. 5, art. 10.) The fees of township officers must be fixed and regulated by general law uniform in its operation. (Sec. 12, art. 10.) Aside from these limitations the legislature is not restricted in regard to the terms and provisions of a township organization law that may be adopted. Moreover, in section 5 of article 10 it is expressly provided that upon the adoption of township organization by any county the affairs of the county may be transacted in such manner as the General Assembly shall provide.

The provisions in the constitution of 1870 that the law providing for township organization must be general, that it shall be adopted by a majority vote of the voters of the county, and that when adopted the affairs of the county may be transacted in such manner as the General Assembly may provide, were embraced in the constitution of 1848. (Const. 1848, sec. 6, art. 7.) By an act of the leg-

islature at its session in 1849, a law providing for township organization was enacted, as provided for in the constitution of 1848. Under clause 3 of article 16 (Laws of 1849, p. 202,) the board of supervisors were authorized to audit the accounts of town officers and other persons against their respective towns, and to direct the raising of money to defray the same. Under article 3 of the act the power of the electors, at the annual town meeting, to raise money was restricted to such sum as they might deem necessary for defending or prosecuting suits. Under section 6 of article 11 of the act the board of auditors of town accounts were required to make a certificate, to be signed by a majority of the board, specifying the person in whose name the account is drawn, the nature of the demand and amount allowed, and duplicates of the certificate were required to be made, one to be delivered to the town clerk, to be by him filed, and one to the supervisor, to be by him laid before the board of supervisors of the county at their annual meeting. Section 7 of article 11 provides: "The board of supervisors shall, on review of the same and if approved by them shall, cause to be levied and raised upon said town in the same manner as other town charges are levied and raised."

The present Township Organization law was adopted March 4, 1874, as a revision of the act of 1849 as it had been amended in 1861 and other years. Under the act of 1874 the powers of electors at the annual town meetings in territory in towns outside of the limits of incorporated cities or villages were enlarged, but in towns lying wholly within the boundaries of incorporated cities or villages the authority to determine the amount of taxes to be levied for town liabilities remained unchanged. (Rev. Stat. 1874, pp. 1072, 1073.) Section 4 of article 4, chapter 139, (the section of the statute complained of,) was enacted as it now stands in our present statute, in March, 1874, and the other section complained of (sec. 7, art. 13, chap. 139,) stands precisely as it was enacted in 1874.

From the reference thus made to the passage of our Township Organization law, it appears that the power to audit town accounts, and the power to direct the levy and collection of taxes necessary to pay the accounts against the town, have been exercised by the county board since 1849,—almost a half of a century,—and during that time the law has never been challenged by any citizen or by either department of the State government. Where an act of the legislature has been recognized, sanctioned and acquiesced in by the different departments of the government and the people for many years, such facts ought to have great weight with the court in determining its constitutionality. (*Bruce* v. *Schuyler*, 4 Gilm. 221; *People* v. *Morgan*, 90 Ill. 558.) But aside from this position, the section of the statute in question is not liable to the objection that it confers power on the corporate authorities of one municipality to arbitrarily levy taxes for corporate purposes upon another municipality without the consent of the people of the municipality taxed. The people of Cook county, including the town of Lake, by a vote of a majority of the legal voters of the county, adopted township organization, and by thus adopting it by their votes, accepted the law and all of its provisions, and consented to be taxed in the manner provided by law and by the officers designated in the law for that purpose.

It is well settled by a number of cases that section 5 of article 9 of the constitution of 1848, and section 9 of article 9 of our present constitution, which relate to the same subject, are a limitation upon the power of the legislature to confer the power to assess and collect taxes on any other than the corporate or local authorities of the municipalities or districts to be taxed. (*Updike* v. *Wright*, 81 Ill. 49, and cases cited.) The real question then is, whether the county board may be regarded as corporate authorities, within the meaning of the constitution.

In *Harward* v. *St. Clair Drainage District*, 51 Ill. 130, in placing a construction on the language "corporate authorities," it was held that by the phrase "corporate authorities," as used in the constitution, must be understood those municipal officers who are directly elected by the population sought to be taxed by them, or appointed in some mode to which they have given their assent. The same rule was declared in *Cornell* v. *People*, 107 Ill. 372. Here the county board, by the statute, is entrusted with the authority to ascertain what amount is necessary to be raised for town expenses, and while the board was not elected solely by the town of Lake, it was elected by the voters of the town of Lake in connection with the other towns in Cook county, and it was selected in a mode to which the legal voters of the town of Lake gave their assent,—by the adoption of township organization in the mode provided by law. It is true that under·our system of township organization there is no officer or board properly representing the corporate authorities of a town; but the electors represent the corporate authorities when assembled in town meeting, as held in *Town of Kankakee* v. *Kankakee and Indiana Railroad Co.* 115 Ill. 88. But as was held in *People* v. *Salomon*, 51 Ill. 37, while, under the constitution, the authority to levy and collect taxes must be limited to corporate authorities, yet there is no prohibition against the creation by the legislature of other corporate authority, and when created, to endow the same with all the faculties and attributes of other pre-existing corporate authorities. In the same case the court held, that under an act of February 24, 1869, providing for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake, these towns were created into a park district, and the people of the towns affected by the act having by a vote accepted its provisions, the board of park commissioners was thereby created, to whom was committed the entire control of the park, and who became a municipal corporation in

whom it was competent for the legislature to vest power to assess and collect taxes within the park district.

In *Dunham* v. *People*, 96 Ill. 331, the validity of an act entitled "An act to enable the corporate authorities of two or more towns, for park purposes, to issue bonds and provide for their payment, and to make, receive and collect special assessments," came before this court for determination. In the decision of the case it is among other things said (p. 333): "Section 9 of article 9 of the constitution authorizes the General Assembly to vest this power in 'the corporate authorities of cities, town and villages.' But it is now insisted that the South Park Commissioners are not the corporate authorities of either a city, a town or a village. The constitution of 1848 contained this provision: 'The corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes.' Under that constitution the act creating the South Park Commissioners was passed, giving them authority to levy and collect taxes for the purposes of their organization. The constitutionality of this legislation was called in question in the case of *People* v. *Salomon*, 51 Ill. 37. In that case, referring to this article of the constitution of 1848, this court said: 'While this provision limits the objects of local taxation to corporate purposes, and the delegation of the power of taxation to the corporate authorities of counties, townships, school districts, cities, towns and villages, it clearly does not prevent the legislature from creating districts by the union of two or more towns in the same county for any special township purpose, with the consent of those towns, and creating over such district an authority, likewise with their consent, to which shall be granted all the necessary power of taxation for the construction of the improvements and for their government and control.' In this case the people of these three towns, by voting for the law, have made the commissioners corporate authorities for such towns,

and have empowered them to assess the requisite tax upon the property of the town. It will thus be seen that before the adoption of the constitution of 1870 construction had been given to this clause of the constitution of 1848 by this court, by which it was held that the district embracing the three towns of South Chicago, Hyde Park and Lake, when formed into a district for the purposes provided for in that act, were to be regarded as a town, or, rather, that the park commissioners for these purposes were to be regarded as the corporate authority of the three towns. The clause in the constitution of 1870, adopted in the light of this construction, must be construed in the same manner as was construed the kindred clause in the constitution of 1848."

If, as held in the case cited, the people of the three towns, by voting for the law, made the commissioners corporate authorities, and thus empowered them to assess taxes upon the property of the town, upon the same principle the people of the town of Lake, by the adoption of township organization, made and constituted the county board corporate authorities for the town, and thus empowered these authorities to determine the amount necessary to be raised for town expenses, as provided in section 4 of article 4 of the Township Organization law. If we are correct in regard to section 4 of article 4, it follows that section 7 of article 13 is also valid.

It is, however, claimed, that section 4 of article 4 is in conflict with the last clause of section 9 of article 9 of the constitution, which reads as follows: "But such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." It is said there are a number of towns in Cook county lying wholly within the limits of Chicago, and if the county board undertakes to levy different amounts in the several towns, which it would be required to do to meet the wants of the different towns, the rule of uniformity would be violated. We do not regard this posi-

tion well taken.   Under the statute the county board is the corporate authority for the town of Lake, and the rule of uniformity must be preserved on an assessment within the town.   So, also, the county board is the corporate authority for any other town lying wholly within the city of Chicago, and in making an assessment within such town the rule of uniformity must be observed within that town; but there is nothing to prevent the board from making a levy that will raise one amount in the town of Lake and a different amount in any other town.

We think the demurrer to the petition for *mandamus* was properly sustained, and the judgment is affirmed.

*Judgment affirmed.*

PHILLIPS, C. J., and CARTWRIGHT, J., dissenting.