LOWE ET AL. *v.* BOARD OF COMMISSIONERS OF WHITE COUNTY ET AL.

[No. 18,776.  Filed February 12, 1901.]

CONSTITUTIONAL LAW.—*Taxation.—Gravel Roads.*—The act of 1893, as amended by the act of 1895 (Acts 1895 p. 143), relative to the construction of free gravel roads is not unconstitutional as authorizing an improper and unjust exercise of the taxing power or as being unequal and inequitable against common right. *pp. 164-166.*

SAME.—*Gravel Roads.*—The act of 1893, as amended by the act of 1895 (Acts 1895 p. 143), for the construction of free gravel roads is not void because of the provision requiring the question of building the road to be submitted to the voters of the taxing district. *p. 166.*

SAME.—*Gravel Roads.*—The provision of the gravel road law of 1893, as amended by the act of 1895 (Acts 1895 p. 143), that the improve-

ment of more than one road in the taxing district may be petitioned for and voted on as a unit does not violate any part of the Constitution. *p. 166.*

GRAVEL ROADS.—*Cities.*—The act of 1893, as amended by the act of 1895 (Acts 1895 p. 143), gives the board of commissioners jurisdiction to improve a road or roads in incorporated towns and cities of less than 30,000 population within a taxing district. *pp. 166, 167.*

From the White Circuit Court. *Affirmed.*

*R. P. Davidson, A. Boulds, W. Guthrie* and *W. S. Bushnell,* for appellants.

*R. J. Million, G. F. Palmer* and *J. C. Farber,* for appellees.

MONKS, J.—This action was brought by appellants against appellees, the board of commissioners of the county of White, the county auditor, county treasurer, and the contractors, Dunn, Goar, and Dunn, to enjoin all proceedings for the construction of four gravel roads in the township of Monon, in said county, under the act of March 3, 1893 (Acts 1893, p. 196, §§6924-6934 Burns 1894), as amended by the act of 1895 (Acts 1895, p. 143, §§6924, 6925, 6928 Burns Supp. 1897).

At the time of the commencement of the action, the proceedings before the board of commissioners, under said act, had progressed to the extent that an election had been held and the work advertised, and let to the appellees, Dunn, Goar, and Dunn. The demurrers of appellees to said complaint were sustained, and appellants refusing to plead further judgment was rendered in favor of appellees. The errors assigned call in question the action of the court in sustaining said demurrers to the complaint.

It is first insisted that said act is unconstitutional and void, "because an improper and unjust exercise of the taxing power, and because manifestly unequal and grossly inequitable and against common right." It is well settled that the power of the legislature in matters of taxation for public purposes is unlimited, except as restricted by the

Lowe *v.* Board, etc.

State or federal Constitution. *Board, etc.,* v. *Harrell,* 147 Ind. 500; *State Board, etc.,* v. *Holliday,* 150 Ind. 216, 42 L. R. A. 826; *LaFayette, etc., Co.* v. *Geiger,* 34 Ind. 185; Elliott on Roads and Streets (2nd ed.) §81; Cooley's Const. Lim. (6th ed.) 587; Cooley on Taxation (2nd ed.) pp. 4, 5, 6. Gravel and macadamized roads, and roads built of other material, may be constructed and kept in repair by the state, or under state authority by municipal subdivisions of the state or taxing districts, created by the legislature for that purpose. Cooley on Taxation (2nd ed.) 130-133, 146-152, 682; Elliott on Roads and Streets (2nd ed.) §§83, 450, 460; *Gilson* v. *Board, etc.,* 128 Ind. 65, 69-72, 11 L. R. A. 835. "One of the most important functions of government is the making provision for public roads for the use of the people. \* \* \* No question is made of the competency of the legislature to levy taxes for the common highway, the improved turnpike and macadamized road, the planked or paved street, the canal, tramway, or the railway. Any and all of them may be constructed by the state, or under state authority by the municipal subdivisions of the state within whose limits they are needed. They may be supported and kept in repair by taxation of the state, or of proper districts, or private corporations may be invested with the franchise of constructing them, and taking toll for their use." Cooley on Taxation (2nd ed.) p. 130. Such improvements may be made by a tax on all the property, real and personal, in the taxing district as under the law in question here, or by local assessments against the real property specially benefited. *Gilson* v. *Board, etc.,* 128 Ind. 65, 70, 71; *Bowles* v. *State,* 37 Ohio St. 35. A uniform tax upon all the property, real and personal, in a taxing district, according to its appraised value for taxation for the construction and repair of roads, is for a governmental purpose, the same as a tax to support the public schools of the state, or to maintain the different departments of government. The remedy for such taxation, if unwise,

or unjust or oppressive, must be sought from the legislative and not from the judicial department of the state. *Townsend* v. *State,* 147 Ind. 624, 62 Am. St. 477, 37 L. R. A. 294; *State* v. *McClelland,* 138 Ind. 395, 399; *Hedderich* v. *State,* 101 Ind. 564, 51 Am. Rep. 768; Cooley's Const. Lim. 201-204; Desty on Taxation, p. 81. Neither is said act void for the reason urged, that the question of building said roads must be submitted to the voters of said taxing district at a regular election, or at a special election called for that purpose. Said act as well as other laws containing such provisions have been uniformly sustained in this State. *Board, etc.,* v. *Reeves,* 148 Ind. 467; *Board, etc.,* v. *Harrell,* 147 Ind. 500; *LaFayette, etc., R. Co.* v. *Geiger,* 34 Ind. 185; *John* v. *Cincinnati, etc., R. Co.,* 35 Ind. 539; *Petty* v. *Myers,* 49 Ind. 1; *Brocaw* v. *Board, etc.,* 73 Ind. 543; *Gilson* v. *Board, etc.,* 128 Ind. 65. The provision that the improvement of more than one road in the taxing district may be petitioned for and voted on as a unit does not violate any part of the Constitution. *Board, etc.,* v. *Reeves,* 148 Ind. 467, 472.

It is next insisted that as one of the roads to be built under the contract let by virtue of said proceeding extends through the incorporated town of Monon in said taxing district, on one of the streets of said town, without the consent of the board of trustees of said town, the board of commissioners had no jurisdiction of said proceeding, and the election and order made therein are invalid. The taxing district, under the act in question, includes all cities and towns therein of less than 30,000 inhabitants, and it is averred that the population of the town of Monon was 1,700. Being less than 30,000, a road or roads within the corporate limits could be improved, under said act, the same as a road or roads without the limits of said incorporated town, and within the taxing district. The legislature, by said act, gave the board of commissioners jurisdiction to improve a road or roads in the incorporated towns and cities of less

than 30,000 population, within a taxing district, although before the act of 1893, it may be, as claimed by appellants, that that power was vested exclusively in the board of trustees of such towns and the common council of such cities. *Sauntman* v. *Maxwell*, 154 Ind. 114; *Gascho* v. *Sohl*, 155 Ind. 417.

Appellants had the right to appear before the board of commissioners in said proceeding at the proper time, and contest all the allegations of the petition and the result of said election, as well as the right to appeal from the action of said board. *Board, etc.*, v. *Conner*, 155 Ind. 484, and cases cited. *Pruden* v. *Board, etc.*, post, 325. This action by appellants being a collateral attack must fail for the reason that the board of commissioners had full and complete jurisdiction of the subject-matter of said proceeding and all parties interested therein. *Board, etc.*, v. *Conner*, *supra*; *Board, etc.*, v. *Reeves*, 148 Ind. 467; *Davis* v. *Clements*, 148 Ind. 605; *Bowen* v. *Hester*, 143 Ind. 511; *Hobbs* v. *Board, etc.*, 116 Ind. 376; *Ely* v. *Board, etc.*, 112 Ind. 361; *Million* v. *Board, etc.*, 89 Ind. 5; *Ricketts* v. *Spraker*, 77 Ind. 371; *Stoddard* v. *Johnson*, 75 Ind. 20.

Judgment affirmed.