## BROWN, TREASURER, *v.* BALTIMORE AND OHIO AND CHICAGO RAILROAD COMPANY.

[No. 23,198. Filed February 13, 1917.]

1. TAXATION.—*Powers of Legislature.*—On matters of taxation the power of the legislature is unlimited, except as restricted by the Constitution. p. 83.

2. TAXATION.—*Taxing Districts.*—*Designation.*—*Discretion of Legislature.*—What shall constitute a taxing district, and whether it may be confined to boundary lines of counties, townships, or lesser municipalities, or whether such boundary lines may be disregarded, are matters wholly within the discretion of the legislature. p. 83.

3. MUNICIPAL CORPORATIONS.—*Public Parks.*—*Joint Control by*

Brown, Treas., *v.* Baltimore, etc., R. Co.—186 Ind. 81.

*Cities.—Failure to Remonstrate.—Effect.—Statute.*—The failure of the voters of either city proposing to enter into an agreement to create a joint park board to remonstrate, as provided in the act of 1915, Acts 1915 p. 78, is an assent to the arrangement and is as binding as if the same had been affirmatively assented to by a formal vote. p. 87.

4. MUNICIPAL CORPORATIONS.—*Joint Public Park Act.—Constitutionality.—Uniform Taxation.—Delegation of Taxing Power.*—The act of 1915, Acts 1915 p. 78, relating to the joint maintenance and control of public parks by neighboring cities and providing that the joint park board composed of the members of the park boards of the cities entering into the arrangement, shall be authorized to levy a tax for the purchase and maintenance of parks, is not unconstitutional and void either as being an attempt to delegate the general taxing power to an appointive body or as violating §1 of Art. 10 of the Constitution requiring the general assembly to provide for a uniform and general rate of assessment and taxation. (*State of Indiana, ex rel.* v. *Fox, Comptroller* [1902], 158 Ind. 126, distinguished.) p. 88.

From Lake Superior Court; *Walter T. Hardy,* Judge.

Action by the Baltimore and Ohio and Chicago Railroad Company against Matt. J. Brown, treasurer. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Ora L. Wildermuth* and *Claude V. Ridgely,* for appellant.

*Bomberger, Curtis, Starr & Peters,* for appellee.

ERWIN, J.—Suit was brought by appellee to restrain and enjoin the collection by appellant of a tax levied against appellee's land by the Gary-Miller joint park board, under the provisions of an "act concerning joint public parks" approved March 2, 1915. Acts 1915 p. 78.

Appellee's complaint proceeds upon the theory that the "Act concerning joint public parks," *supra,* is unconstitutional and void (1) in that it violates §1 of Art. 10 of our State Constitution, and (2) in that it attempts to delegate the general taxing power to an appointive

body. To this complaint appellant answered by an affirmative showing that the city of Gary and the town of Miller passed and adopted ordinances providing for the organization and establishment of a joint park district composed of the city of Gary and the town of Miller, as provided by the act of 1915, *supra*; that no remonstrance was filed against the organization of the joint park district by a majority of the legal voters of either the town or city; that the district was duly organized and a tax levied for five cents on each $100 of taxable property within such city and town composing the joint park district; that the levy was placed upon the tax duplicate by the county auditor and the duplicate delivered to appellant. To this answer appellee filed its demurrer for want of sufficient facts. The demurrer was sustained and upon this ruling is based the only assignment of error.

The first question presented is whether the act (Acts 1915 p. 78) is in conflict with §1 of Art. 10 of our State Constitution, which provides that: "The general assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only, for municipal, educational, literary, scientific, religious, or charitable purposes, as may be especially exempted by law." In matters

1. of taxation the power of the legislature is unlimited, except as restricted by the Constitution. What shall constitute a taxing district, and

2. whether it may be confined to boundary lines of counties, townships, or lesser municipalities, or whether such boundary lines may be disregarded, are matters wholly within the discretion of the legislature. In 1 Cooley on Taxation (3d ed.), page 238, the author says: "It is not essential that the political districts of

the state shall be the same as the taxing districts, but special districts may be established for special purposes, wholly ignoring the political divisions." *Smith* v. *Board, etc.* (1909), 173 Ind. 364, 377, 90 N. E. 881; *Gilson* v. *Board, etc.* (1891), 128 Ind. 65, 69, 27 N. E. 235, 11 L. R. A. 835; *Lowe* v. *Board, etc.* (1900), 156 Ind. 163, 59 N. E. 466; *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 611, 85 N. E. 513; *State, ex rel.* v. *Williams, Treasurer* (1896), 68 Conn. 131, 150, 35 Atl. 24, 421, 48 L. R. A. 465; 1 Cooley, Taxation (3d ed.) 240.

The case of *State, ex rel.* v. *Williams, supra,* involved the same question as is here presented. The legislature of Connecticut had provided for the erection of a bridge across the Connecticut river and provided that the same should be paid for by forming a joint taxing district and providing for commissioners to superintend its construction and maintenance by the taxing of several towns interested. It was there insisted that the law was violative of the provision of the constitution in that it deprives the town and the citizens thereof of their property without due process of law, and also denied to said town and the citizens thereof equal rights with the citizens of other towns under the law and violates the principles of local self-government. The court, in passing upon the question involved, uses the following language: "The defendant urges that taxation and representation are indissolubly connected by the underlying principles of free government, and that this (the commission which directs the affairs of the Bridge District and makes requisitions on the towns for such funds as it deems necessary, not having been selected by them) is a sufficient defense against the payment of the order which has been drawn upon him, since it can be paid only out of moneys raised by town taxation.

Brown, Treas., *v.* Baltimore, etc., R. Co.—186 Ind. 81.

"Taxes can, indeed, under our system of government, only be imposed by the free consent of those who pay them, or their representatives; and for purposes which they approve. But the inhabitants of these towns were represented in the General Assembly, by which the laws now brought in question were enacted. The legislative power, after defining the general purposes of taxation, to confer upon local public corporations the right to determine the amount of the levy within the territory under their jurisdiction, is unquestionable; and in its exercise it is immaterial whether the corporations, to which that function is entrusted, or between which it is shared, be called counties or towns, school districts or bridge districts. When a levy is voted, the action is corporate action, deriving its obligatory force wholly from the authority of the State. Towns cannot tax their inhabitants for any purpose except by virtue of statute law. That law for many years required them annually to tax for moneys to be paid over to the State treasurer for State expenditures. It now requires them to tax, as occasion may require, for moneys to be paid over to the county treasurer for county expenditures. It can equally require any town or towns to tax for moneys to be paid over to the treasurer of a bridge or highway district, in which they are included, for district expenditures."

It has been said by this court that: "It is, perhaps, true that the General Assembly may, at will, pass laws regulating the government of towns and cities, taking from them powers which had previously been granted, or adding to that which had previously been given, but we do not think that it can take away from the people of a town or city rights which they possessed as citizens of the State before their incorporation. The object of granting to the people of a city municipal powers is to give them additional rights and powers to better enable

them to govern themselves, and not to take away any rights they possessed before such grant was made. It may be true, that as to such matters as the State has a peculiar interest in, different from that relating to other communities, it may, by proper legislative action, take control of such interests; but as to such matters as are purely local, and concern only the people of that community, they have the right to control them, subject only to the general laws of the State, which affect all the people of the State alike." *State, ex rel.* v. *Denny* (1889), 118 Ind. 382, 395, 21 N. E. 252, 4 L. R. A. 79.

The statute now under consideration provides for joint park taxing districts to be formed by two or more cities, or towns, or cities and towns. It also provides for publication of the ordinances of the cities or towns desiring to form a joint park district, and that the majority of the legal voters of all or any one of such cities or towns may remonstrate within thirty days after publication of the ordinance, and that where such remonstrance is filed the town or city shall not be included. The statute provides that the officers or members of the board in the various cities and towns joining in the joint park district shall become members of the joint park board.

The Constitution of 1848 of the state of Illinois provided: "The corporate authorities of counties, townships, school-districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes." Under that Constitution an act was passed creating the South Park Commissioners. The constitutionality of that act was brought in question in *People, ex rel.* v. *Salomon* (1869), 51 Ill. 37. That court held that, While under the constitution the authority to levy and collect taxes must be limited to corporate authorities, yet "there is no prohibition against the creation by the legislature, of every conceivable description

of corporate authority, and, when created, to endow them with all the faculties and attributes of other pre-existing corporate authorities." In this same case the court held that under an act providing for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake, these towns were created into a park district, and the people of the towns affected by the act having voted to accept its provisions, the board of park commissioners were thereby created, to whom was committed the entire control of the park and who became a municipal corporation in whom it was competent for the legislature to vest power to assess and collect taxes within the park district. It was said further in the same case: "While this provision limits the objects of local taxation to corporate purposes, and the delegation of the power of taxation to the corporate authorities of counties, townships, school districts, cities, towns and villages, it clearly does not prevent the legislature from creating districts by the union of two or more towns in the same county for any special township purpose, * * * with the consent of those towns, and creating over such district an authority likewise with their consent, to which shall be granted all the necessary power of taxation for the construction of the improvements and for their government and control." The same doctrine is adhered to in *People* v. *Knopf* (1898), 171 Ill. 191, 201, 49 N. E. 424.

This act provides that if, after resolutions have been passed by the respective towns or cities, creating a joint park board, a majority of the voters of either town or city remonstrate against the entering into the joint park agreement, this shall terminate said agreement. The failure of the voters to so remonstrate is an assent to the arrangements and is as binding as if the same had been affirmatively assented to by a formal vote.

This conclusion is not in conflict with such cases as *State, ex rel.* v. *Fox* (1902), 158 Ind. 126, 63 N. E. 19, 56 L. R. A. 893, where the statute was held un-

4. constitutional for the reason that the Governor of the State was authorized to appoint the members of the board of safety of the city of Fort Wayne. There is here no attempt on the part of the legislature to give control of the local park question to any but local authorities. The act in question provides a method of creating a joint park district by neighboring towns and cities under regulations applying to all citizens of the State similarly situated. The duly elected officers of the various cities and towns desiring to form such joint park district or their appointees under the general laws of the state are designated as the local board in control of the local district and therefore the people are represented by their own local representatives living within their local joint park district, and have power to levy a tax.

We are of the opinion that the act (Acts 1915 p. 78) is not open to the objections urged against it by appellee, and the court erred in sustaining appellee's demurrer to the answer of appellant. For error in sustaining the demurrer to the answer of appellant, the judgment is reversed with instructions to overrule the demurrer.

NOTE.—Reported in 115 N. E. 86. Taxation, legislative power, 8 Am. St. 508; 37 Cyc 716. See under (2) 37 Cyc 947; (4) 12 C. J. 863.