CITY OF INDIANAPOLIS ET AL. *v.* BRYAN.

[No. 23,369. Filed November 25, 1919.]

1. MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Assessments.*—*Authority to Levy.*—A municipality has no power to raise money to pay the costs and expenses of making a local public improvement, unless such authority is expressly conferred by the legislature. p. 589.

2. MUNICIPAL CORPORATIONS.—*Public Parks.*—*Lands Outside Corporate Limits.*—*Power to Assess.*—The legislature had authority to grant to a city, as in Acts 1911 p. 231, §8748 *et seq.* Burns 1914, authority to levy assessments on realty benefited by a park improvement, though lying outside the corporate limits, but within the assessment district created by the board of park commissioners, unless the exercise of such power would deprive the parties so assessed of some right guaranteed by fundamental law. p. 589.

City of Indianapolis *v.* Bryan—188 Ind. 586.

3. EMINENT DOMAIN.—*Compensation.—Public Improvements.—Benefits.*—Special assessments for local public improvements are levied on the theory that the lands affected are benefited to the extent of the assessments, and the special benefits are therefore regarded as just compensation for the amount levied. p. 589.

4. MUNICIPAL CORPORATIONS.—*Parks.—Public Improvements.—*The construction of a boulevard or park improvement by the city of Indianapolis, under Acts 1911 p. 231, §8748 *et seq.* Burns 1914, was an improvement of such a public nature that real estate lying outside the corporate limits, but within the assessment district created by the board of park commissioners, could be assessed with its proportion of the cost, and such assessment did not constitute a taxation of such property for the benefit of the city in its corporate capacity.    p. 589.

5. TAXATION.—*Special Assessments.*—Though special assessments are a form of taxation, they are not made and collected in the exercise of the general taxing power by which revenue is raised for governmental expenses.    p. 590.

6. MUNICIPAL CORPORATIONS.—*Assessment Districts.—Legislative Power.*—The legislature has power to authorize the establishment of assessment districts without regard to the boundaries of municipalities.    p. 591.

7. CONSTITUTIONAL LAW.—*Park Improvements.—Statute.—Privileges and Immunities.*—The act of 1911 relative to the department of public parks in cities of the first and second classes, Acts 1911 p. 231, §8748 *et seq.* Burns 1914, under which an assessment district was formed to pay the cost of a boulevard improvement by the city of Indianapolis, including property outside the city limits, is not unconstitutional on the ground that it grants privileges or immunities to the citizens of such city which on the same terms do not belong equally to the owners of assessed property outside the city.    p. 591.

From Marion Superior Court (96,989) ; *W. W. Thornton,* Judge.

Suit by Ellen C. Bryan and others against the city of Indianapolis and others.    From a decree for the plaintiffs, the defendants appeal.    *Reversed.*

*Walter Meyers, William A. Pickens, Paul G. Davis, Edward W. Hohlt* and *Robert A. Adams,* for the appellants.

*George Burkhart,* for appellees.

LAIRY, J.—The decree from which this appeal was taken was rendered by the superior court of Marion county in a suit brought by appellees, who were the owners of real estate outside of the city of Indianapolis on which assessments had been made to pay a portion of the costs and expenses of appropriating and improving certain land for parkway and boulevard purposes. The purpose of the suit was to obtain an injunction restraining the defendants from enforcing the collection of such assessments against the lands of appellees and a judgment quieting the title of appellees in their lands as against the assessments so made, on the theory that the statute authorizing the proceeding in pursuance of which the assessments were made is void in so far as it purports to authorize assessments on lands outside the corporate limits of the city because it is in conflict with certain provisions of the state and the federal Constitutions. As shown by the complaint, the proceedings were instituted by the board of park commissioners of the city of Indianapolis under the provisions of chapter 231 of the acts of 1911, which is an act concerning the department of public parks in cities of the first and second classes. Acts 1911 p. 566, §8748 *et seq.* Burns 1914. The complaint shows that such steps were taken in the proceeding under the act and in compliance with its provisions as resulted in fixing the assessments which, by the prayer of the complaint, appellees asked the court to annul.

A demurrer addressed to the complaint was overruled, to which ruling appellants excepted. On the refusal of appellants to answer, the court entered a decree enjoining appellants from taking any steps to enforce the assessments against the tracts of land described in the complaint, and adjudged that the title of appellees to the several tracts owned by each be quieted. The action of the court in overruling appellants' demurrer to

the complaint is assigned as error.   It thus appears that the only question for decision depends on the validity of the act cited in so far as it purports to affect lands outside of the corporate limits of the city.

A municipality has no power to raise money to pay the costs and expenses of making a local improvement of a public character, unless such authority is expressly conferred by the legislature.   Appellees do not deny, but expressly admit, that the statute under consideration, if valid, expressly confers the power to levy assessments on real estate benefited lying outside of the corporate limits of the city and within the assessment district created by the board of park commissioners.   The legislature had power to grant such authority, unless the exercise of the power granted would have the effect of depriving the parties so assessed of some right guaranteed by fundamental law.

Appellees first assert that the enforcement of an assessment made under the power so granted as against their lands would constitute the taking of property for a public use without just compensation. Special assessments are made on the theory that the lands on which they are levied are enhanced in value or otherwise benefited by the improvement to the extent of the assessments made.   The special benefits accruing to the land affected are regarded in law as just compensation for the amount levied and collected as an assessment.   *Harmon* v. *Bolley* (1918), 187 Ind. 511, 120 N. E. 33, 2 A. L. R. 609; *Wright* v. *House* (1918), 188 Ind. 247, 121 N. E. 433.

The next point made is that the work for the construction of which the assessment was levied is the private property of the city of Indianapolis, and that it is not such a local improvement of a public nature as can be constructed and paid for, either in whole

or in part, by special assessments levied on property affected. A boulevard is a driveway open to the general public, and is constructed for the public use and benefit. The construction of such a work is in its very nature an improvement of a public character, and it may be so located as to confer a special and peculiar benefit on real estate in the same vicinity. Real estate so affected and peculiarly benefited may be assessed to pay the costs of making such an improvement on the ground that it is a local improvement of a public nature. *St. Louis* v. *Handlan* (1911), 242 Mo. 88, 145 S. W. 421; *West Chicago Park Comrs.* v. *Farber* (1898), 171 Ill. 146, 49 N. E. 427. The enforcement of the act, by levying and collecting assessments on real estate lying outside of the corporate limits of the city, would not result in the taxation of such property for the benefit of the city of Indianapolis in its corporate capacity as contended by appellees. While special assessments are a form of taxation, they are not made and collected in the exercise of the general taxing power of municipalities by which they raise revenue for the purpose of defraying the expense of the maintenance and administration of the government. *Wright* v. *House, supra.* The assessments against the real estate of appellees were levied for the sole purpose of paying the costs and expenses of making the improvement, and all funds derived therefrom must be applied to that purpose and no other. The assessment against any tract of land cannot exceed the benefits accruing to it on account of the improvement, and no part of the funds so raised can be applied to pay existing debts of the city or to defray the expenses of the city government. For the reasons just stated the case at bar is to be distinguished from the case on which appellees rely to sustain them on this point. *Matter of Lands in Town of Flatbush* (1875), 60 N. Y. 398, 406. In the case cited the court said: "Had

the respondents been originally assessed for benefit conferred under a proper law it might then be said that the assessment was for public use, and not for a subsisting debt, and such an assessment could have been enforced. But such is not this case. And those assessed are required, by the proceedings of the commissioners, to aid in the discharge of a debt previously contracted; and to contribute money which is to be paid into a sinking fund, and to be appropriated for the payment of bonds, already issued, for the location and improvement of the park."

The legislature has power to authorize the establishment of assessment districts without regard to the boundaries of municipalities organized for governmental purposes. *Board, etc.* v. *Harrell* (1896), 147 Ind. 500, 46 N. E. 124; *Brown, Treas.,* v. *Baltimore, etc., R. Co.* (1917), 186 Ind. 81, 115 N. E. 86. In the exercise of this power, the legislature conferred on the park board of the city of Indianapolis authority to prescribe the limits within which private property shall be deemed benefited by the proposed improvement, which benefit districts may include lands benefited outside of said city not more than five miles from the limits thereof. Acts 1911 p. 566, §§11, 14, 16, §§8756, 8760, 8762 Burns 1914. Under the authority so conferred the board of park commissioners had power to include the lands of appellees within the assessment district of lands benefited by the improvement. The statute under consideration is not open to the objection that it grants privileges or immunities to the citizens of Indianapolis which upon the same terms do not belong equally to appellees.

The statute under consideration is not in conflict with the provisions of the state or the federal Constitutions in any of the particulars stated in the complaint. It is a valid enactment as against the attack so made, and

the court erred in overruling the demurrer addressed to the complaint.

Judgment reversed, with instructions to sustain appellants' demurrer to the complaint.

Note.—Reported in 125 N. E. 38.